This is an appeal from a judgment in a divorce decree modification case.
The parties to this proceeding were divorced on May 28, 1982. Custody of the parties' only child was awarded to the wife and the husband was ordered to pay $150 a month as child support. The wife was awarded an automobile but was required to pay the indebtedness thereon. The husband was also awarded an automobile. He was then required to pay all of the family debts. Among these debts was an obligation to Dial Finance Company, and the husband agreed to pay this indebtedness.
After the divorce decree was rendered, the husband filed a petition for voluntary bankruptcy and listed Dial Finance Company as one of his creditors. The husband was subsequently granted a discharge in bankruptcy on this debt.
Prior to the husband's discharge in bankruptcy of this debt, Dial Finance Company filed an action against the former wife seeking recovery of the outstanding amount due on the note, i.e. $1,944.31.
On October 25, 1982 the wife sought a modification of the child support aspect of the divorce decree on the ground that since she is now required to pay the indebtedness to Dial Finance Company that the former husband had agreed to pay, her expenses have now greatly increased beyond what they were at the time of the divorce decree and she needs an increase in child support.
After a hearing the trial court awarded the former wife a temporary increase in child support in the amount of $100 per *Page 754 
month for nineteen months and $44.31 for the twentieth month. After the twentieth month child support payments would revert to $150 per month.
The former husband has appealed the increase in child support payments on the ground that he has been discharged in bankruptcy from the indebtedness to Dial Finance Company and that he cannot now be required to pay the amount owed to Dial Finance Company. In other words, the divorce court cannot now require him to pay this indebtedness by increasing child support payments.
The wife replies that because she is now required to pay the indebtedness to Dial Finance Company that the former husband had originally agreed, her expenses have now so increased beyond what they were at the time of the divorce that she must have more money to properly care for the parties' child. She says that being required to pay Dial Finance Company presents a material change in her financial situation since the divorce decree and, therefore, the child support award should be increased.
Modification of a child support award will be made only on proof of changed circumstances, and the modification rests in the sound discretion of the trial court. Wise v. Wise,396 So.2d 111 (Ala.Civ.App. 1981). The exercise of such discretion by a trial court in a child support modification case will not be disturbed except for a plain and palpable abuse of such discretion. Travis v. Travis, 345 So.2d 321 (Ala.Civ.App. 1977). Based on the evidence in the record, we do not find that the trial court abused its discretion in requiring the former husband to temporarily increase child support payments.
It is true that ordinarily the criteria for determining changed circumstances is the need of the child and the ability of the parent to respond to that need. However, in Murphree v.Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979), we held that if it be shown that the mother had suffered personal financial reverses and such reverses were so severe that the welfare of the children was affected, the trial court could modify the child support decree if the father was able to pay the increased award even though the mother might be incidentally benefited. The father did testify that he is unable to pay the increased amount of child support, but the evidence reflects that his net take-home pay is about $14,000 a year.
We, therefore, conclude that the trial court has not ordered the former husband to pay the indebtedness he agreed to pay Dial Finance Company and for which he has received a discharge in bankruptcy, but rather that he has been ordered to pay an increased amount of child support because of the wife's depressed financial condition brought on by her having to pay off the loan at Dial Finance Company. We find no error in the trial court's decree, and it is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.