EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court modified child support payments by increasing them. The husband appealed. We affirm.
When the parties were divorced in November 1984, the wife was awarded the custody of the two minor children of the parties. The husband was ordered to provide child support of $400 per month and also to pay periodic alimony for one year to the wife at the rate of $200 each month. Additionally, if medical, dental, or other health benefits for the children were not available through the husband’s military service, he was to pay for them personally. In lieu of a lump sum award of alimony, the husband was ordered to discharge all debts incurred during the marriage.
In March 1986, the wife sought a modification of child support because of alleged material changes in the circumstances of the parties, and, after an ore tenus trial before the trial court, a judgment was entered on May 22, 1986, whereby it was determined that there has been a material change of circumstances and that the husband had consistently failed to abide by the alimony and support judgments of the trial court, except when forced to do so by garnishment or wage order. The trial court determined that the husband is responsible for orthodontic expenses for the children if they are not provided by a military establishment within a thirty-mile distance of the wife’s residence. The husband’s child support payments were increased to $600 per month, beginning in June 1986 for seven months, and, in the event the husband is not further in arrears for any child support payments, his monthly payments shall reduce to $500 per month effective in January 1987. An amended wage order was also issued.
The husband was not present at the trial since he was in Germany, pursuant to military orders. Consequently, the wife was the only witness to testify.
Her monthly income since the divorce has consisted of child support of $400, her Veterans’ Administration education check, which fluctuated between $395 and $510, and alimony of $200. Her Veterans’ Administration benefits and alimony have both expired, with her only present income being the child support. She listed some of her monthly expenses and testified on cross-examination that the only regular monthly expense for the children to increase since the divorce was for clothing at the rate of $30 per month.
*35 When they were divorced, the husband’s net salary was $1,350 each month. Since that time he has been promoted from grade E-6 to E-7. At the conclusion of the wife’s testimony, the husband’s attorney submitted a pay voucher to the trial court as to the husband’s income, and the trial court then stated that the husband is an E-7 with a gross salary of $2,198 and net pay of $1,631. Later, the trial court stated that it was assuming that the pay voucher was correct, and the husband’s attorney responded, “That is what he gave me, Judge.” That pay voucher was not formally introduced as an exhibit and is not included in the record as such.
The parties were originally jointly and severally liable for an indebtedness to Otasco for their purchase during the marriage of some appliances, which were later awarded to the wife by the divorce judgment. That liability was one of the debts which the husband was ordered to pay by the judgment of divorce in lieu of lump sum alimony. The husband received a discharge in bankruptcy, and Otasco was one of the listed creditors. Consequently, the creditor demanded of the wife that she either pay the debt or return the appliances to them. She paid the $669 balance of the Otasco account.
The ten-year-old daughter of the parties must have noncosmetic orthodontic treatment which is not locally available through military dental services. The total cost thereof will amount to $2,040. The husband vacillated as to his willingness to pay for it.
The modification of child support on account of changed circumstances rests within the judicial discretion of the trial court, and the trial court’s decision thereon will not be altered on appeal unless there was a plain and palpable abuse thereof. Simpkins v. Simpkins, 435 So.2d 753 (Ala.Civ.App.1983). In Simpkins, the husband was discharged in bankruptcy as to a debt of almost $2,000, which he had been ordered to pay by the divorce judgment, and the wife was sued by the creditor for the balance due on that indebtedness. The wife sought child support modification, and the trial court awarded to the wife a temporary increase in child support of $100 per month for about 20 months. We affirmed with a holding that, while ordinarily the criteria for modification is the need of the child and the ability of the parent to respond to that need, if the trial court is reasonably satisfied from the evidence that the mother suffered personal financial reverses which affect the welfare of the child, the trial court could modify child support if the father is able to pay the increased award, even though the mother might be incidentally benefited. Simpkins, 435 So.2d at 754.
After the entry of the divorce judgment in this case, the wife had to pay the Otasco debt; her income had been greatly diminished, and the husband’s net income had increased by almost $300 per month. The temporary increase of the support payments for the children was $100 per month for seven months and clearly fell within the holding in Simpkins. The permanent increase of child support of $100 per month, from $400 to $500, fell within the discretion of the trial court, and the record does not reveal that the trial court abused that discretion by such increase.
The record reveals that the husband has a history of not paying his divorce obligations until he is forced to do so. Therefore, there was no error in reducing the monthly amount from $600 to $500 after seven months if the husband is then current in his payments. That provides an incentive for him to remain current in his child support payments for at least seven months. We do not find that the child support judgment is so vague on that account as to prevent the issuance of the amended wage order. If the need arises, the wage order can be further amended.
Able counsel for the husband contends that the husband’s pay voucher which the counsel furnished to the trial court during the trial should not have been *36 considered by the trial court since it was not introduced into evidence. We disagree for a number of reasons. The pay voucher was voluntarily furnished for the trial court’s consideration by the husband’s attorney without objection. In the absence of an adverse ruling by the trial court, we have nothing to review. Eady v. Dixie Dozer & Equipment Co., 484 So.2d 1106 (Ala.Civ.App.1986). The matter also falls under the “invited error” doctrine, and we could not allow him to avail himself of error, if any, which he induced the trial court to commit. State Farm Mutual Automobile Insurance Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974). However, we do not hold that the trial court erroneously considered the pay voucher in reaching its decision, for it is clear that the pay voucher, or the information thereon, was treated by the parties and by the trial court as evidence in the case. Consequently, it was evidence just the same as if it had been formally offered or introduced by the husband.
Both the divorce judgment and the May 22, 1986, judgment made the husband responsible for orthodontic expenses for the children. Even if the latter judgment had totally modified the orthodontic aspect of the divorce judgment, there would have been no error since a prior divorce judgment may be modified so as to require for the first time that a parent pay for a child’s orthodontic treatment if it is in the best interest of the child’s welfare. Nelson v. Nelson, 421 So.2d 120 (Ala.Civ.App.1982). We certainly cannot say that the most recent payment order for orthodontic treatment was not in the child’s best interest.
Since we find no error as to any raised issue, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.