EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
The October 1984 judgment which granted an uncontested divorce to the parties also approved their separation agreement which, as to presently pertinent matters, awarded their only child’s custody to the wife; ordered the husband to provide child support, which presently amounts to $200 per month; granted the home to the wife, who was to assume and pay the mortgage against it; and awarded a 1984 Pontiac Bonneville automobile to the wife, with the husband to pay the G.M.A.C. loan against that vehicle.
In March 1986 the wife filed her petition, seeking either an interpretation of the divorce judgment or a modification of child support. After an ore terms trial, the circuit court increased the child support payments which the husband shall pay to the wife. The husband timely appealed.
In viewing the record in accord with the attendant presumptions, we find that the following is revealed.
The monthly payments to G.M.A.C. upon that debt were $328.75 per month. The husband made those payments until after the wife had an accident in her vehicle on December 28, 1985. The driver of another car ran a red light, struck the wife’s 1984 Pontiac head on, and totaled the wife’s automobile. The wife suffered no personal injuries in that accident.
The husband had previously notified the wife that she would have to pay the insurance premiums upon her 1984 Pontiac, and she commenced doing so as of July 12, 1985, and made all such subsequent premium payments. After the wreck her insurer paid in full the balance due to G.M.A.C. upon the 1984 Pontiac debt, and she executed a subrogation agreement in favor of her insurer against the driver of the other vehicle as to any claim which she had for damage to her 1984 car occasioned by the wreck.
To replace the 1984 vehicle, she purchased a 1986 Pontiac Bonneville and financed it, her monthly payments thereon being $356. After the wreck the husband paid to her $250 each month because he knew that she faced a financially difficult period of time. He ceased making those payments after two months when she filed the present proceedings.
The daughter of the parties is now four years of age. The wife’s net monthly salary is $725. Her other income consists of the $200 each month for child support and $200 per month as rent for a room in her house which she rents to a lady. The house mortgage payment of the wife is $375 per month, and, after the wife pays the house mortgage payment and the 1986 *1123 Bonneville payment, she has only $394 remaining with which to meet all other expenses for herself and for the child.
The husband is the manager and the full-time pharmacist at a drug store. He has received salary increases since the divorce, which total about $275 per month. His last monthly take-home salary check was for $2,182.
The trial court entered the following judgment on April 24, 1986.
“Upon consideration of ore tenus testimony, evidence and argument and briefs of counsel the Court hereby finds as follows:
“1. That the 1984 Pontiac is used for the benefit and sustenance of the minor child and therefore is in the nature of child support.
“2. That there has been a material change in circumstances in that the former Wife has suffered financial reverses by now being required to make car payments and that said financial reverse materially affects the welfare and needs of the minor child.
“3. That the former Husband is financially able to pay an increased amount of child support payments.
“4. That the former Wife’s Petition to Modify is due to be GRANTED.
“Wherefore, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
“1. That in addition to previously ordered child support the former Husband shall pay an additional sum of Three Hundred and Twenty Eight Dollars and Seventy Five Cents ($328.75) for a period of twenty-seven (27) consecutive months commencing on the first day of May 1, 1986 and a single payment of One Hundred and Eleven Dollars and Twenty Five Cents ($111.25) on the twenty-eighth (28) month; thereafter, the former Husband shall be liable for child support payments at the rate as previously ordered.
“2. That attorney’s fees in the amount of Two Hundred and Fifty Dollars ($250.00) are awarded to the ... counsel for the former Wife....”
If a mother suffers such severe personal financial reverses that the welfare of the child is affected, and if the father is financially able to pay an increased award, the trial court has the discretion to modify a child support judgment by increasing it even though the mother might be benefited incidentally. Kilby v. Kilby, 500 So.2d 33 (Ala.Civ.App.1986); Simpkins v. Simpkins, 435 So.2d 753 (Ala.Civ.App.1983); Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App.1979). Here there was no contention that the husband is not financially able to pay the increased award. Accordingly, we will focus upon the other aspect of the above rule of law.
The wife owned the 1984 Pontiac, and the husband was required to make to G.M.A.C. payments of $328.75 each month until that debt was fully paid. Because of the wreck, her car was totaled, and her insurance carrier paid that G.M.A.C. debt. Since she needed another vehicle, she purchased a 1986 Pontiac Bonneville, and her expenses increased by $356 per month. The evidence was such that the trial court could have ascertained that the wreck caused a financial reverse of $356 per month to the wife and that it constituted such a severe blow to her finances that the welfare of the child is affected. When the trial court’s April 1986 judgment ordered the husband to temporarily increase child support payments by the same monthly amount and for the same period of time that he would have paid to G.M.A.C. under the terms of the separation agreement and divorce judgment, the trial court did not require the husband to do anything above and beyond what he previously agreed to and was ordered to pay. The wife will receive no more benefits than she would have received had the wreck not occurred. The modification judgment focused upon the needs of the minor child, and it equitably ordered the husband to increase his child support only in the same amount and for the same duration that he had originally agreed upon. That was an equitable *1124 decision, and it contained no abuse of discretion or other error.
Able counsel for the father also argues that the trial court abused its discretion in awarding an attorney’s fee to the wife’s attorney. Since the trial court properly modified child support, that court had the discretion to make an award for an attorney’s fee, and we find no abuse thereof.
The judgment of the trial court is affirmed.
Pursuant to the wife’s request, the husband shall pay to the wife’s attorney a $500 fee for his professional services rendered to her in this court upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.