The parties were divorced in September 1989. The judgment of divorce incorporated a written agreement between the parties. The agreement gave the mother custody of the parties' minor daughter and provided that the father pay $275 per month child support. The father agreed to pay all the debts of the marriage.
Shortly after the decree was entered, the father filed a petition for voluntary bankruptcy. He was subsequently granted a discharge in bankruptcy of his debts.
Prior to the father's discharge in bankruptcy, two of the creditors advised the mother that she would be responsible for the debts of the marriage.
In July 1990 the mother filed a petition to modify seeking, among other things, to have the trial court increase the monthly child support payments. The mother's petition asserted that a material change in circumstances had occurred due to an increase in the child's needs, a decrease in her financial resources due to the assumption of the debts, and the father's enhanced ability to pay. After an ore tenus proceeding, the court found that there had been a sufficient change in circumstances to warrant modification. The court applied the child support guidelines and increased the support payments to $470 per month. It further ordered the father to pay the mother's attorney's fees in the amount of $1,500. The father appeals.
Initially, the father asserts that the trial court abused its discretion in ordering the increase in child support.
There was no court reporter at the hearing. Consequently, we have before us a Rule 10(d), Alabama Rules of Appellate Procedure, statement of the evidence.
In addition to evidence concerning the acquired debts, the statement provides the following facts. At the time of the hearing the mother's gross income was $1,083 per month. Her net income per month, including child support, was $911. Her monthly itemized expenses were $1,595. In addition to her full-time employment, she participates in Project Share — a program in which she volunteers four hours of community service in return for food. Her child's day care costs have increased by $40 per *Page 337 
month. She and her child share a bedroom in her parents' home and she has had to borrow money from her parents to provide food and clothing for the child. She is repaying her parents at a rate of $40 per month.
The father's yearly gross income at the time of the divorce was $31,391. At the time of the hearing it had increased to $33,815. His monthly expenses amounted to $1,332. He does not have a car payment because his vehicle is supplied by his employer.
A prior child support award may be modified only on proof of changed circumstances, and the burden is on the party seeking the modification. Forlini v. Forlini, 455 So.2d 855
(Ala.Civ.App. 1983). The modification of child support because of changed circumstances is a matter within the trial court's discretion. Its decision will not be disturbed unless there is a clear abuse of that discretion. Bass v. Bass, 475 So.2d 1196
(Ala.Civ.App. 1985).
We find that there has been a change in circumstances since the parties entered into the original agreement. Contrary to the agreement, the wife was forced to incur debts of the marriage. There was further testimony that the child's expenses had increased, particularly the cost of day care. The mother testified that she could no longer meet her expenses and adequately provide for her child.
The husband asserts that there is nothing in the record to support the mother's contention that she has actually assumed the marital debts. We note, however, that there is nothing in the record to rebut her assertion.
Ordinarily the criteria for determining changed circumstances is the need of the child and the ability of the parent to respond to that need. Simpkins v. Simpkins, 435 So.2d 753
(Ala.Civ.App. 1983). We have held, however, that if the custodial parent has suffered financial reversals and such reversals affect the welfare of the child, the trial court may modify the decree if the father is able to pay the increased amount. This is so even if the mother is incidentally benefitted. Simpkins.
In view of the attendant presumptions and the evidence presented, we find that the trial court did not err in modifying the prior child support agreement. We further consider that the court did not err in awarding support according to statutory guidelines. See Fowler v. Jennings,588 So.2d 497 (Ala.Civ.App. 1991).
The father next asserts that the trial court erred in awarding the mother attorney's fees in the amount of $1,500.
The record reflects that the mother's attorney spent 16 hours in preparation and trial of this matter.
An award of an attorney's fee in a domestic action is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. Holmes v. Holmes,487 So.2d 950 (Ala.Civ.App. 1986). The trial court's award is supported by the record. We find no abuse of discretion.
The judgment of the trial court is affirmed.
The mother's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 338