THIGPEN, Judge.
This is a modification of child support case.
The parties divorced in 1981. The mother was awarded custody of their child and the father was ordered to pay $100.00 per month child support. The father later voluntarily increased his support obligation to $150.00 per month. In 1990, the State of Alabama, on behalf of the mother, filed a petition for modification of support. Specifically, the mother alleged that the father’s income had substantially increased, resulting in a material change of circumstances, and that he was able to pay increased child support, as well as a portion of the child’s medical bills which were not covered by insurance benefit payments.
Following an ore tenus proceeding, the trial court ordered the father to pay child support of $220.00 per month. Further, the father was ordered to provide medical insurance through his employment for the child’s benefit, and any uninsured medical or dental expenses were to be paid by the mother. The court also ordered that an income withholding order would be implemented if the father became thirty days in arrears with his child support obligation. The mother’s motion for a new trial was denied. Hence, this appeal.
The mother asserts that the trial court failed to apply the child support guidelines provided in Rule 32, Alabama Rules of Judicial Administration, and that the trial court did not make a written finding on the record why the application of those guidelines would be unjust or inappropriate. She further argues that the trial court committed error by failing to order immediate income withholding.
The child support guidelines were promulgated to assist courts in arriving at more equitable awards of child support. Davis v. Davis, 535 So.2d 183 (Ala.Civ.App.1988). The application of the guidelines to *169 ascertain child support became mandatory in all actions filed after October 9, 1989. Rule 32, A.R.J.A. The trial court may deviate from the guidelines where there is a fair, written agreement between the parties setting the amount of child support to be paid or where “[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.” Rule 32(A)(i) and (ii), A.R.J.A.
The trial court’s order in the instant case states,
“I have looked at and considered the documented evidence that the parties have filed and submitted here and the testimony that we have heard. I have also looked at the Rule 32 Guideline and considered carefully the expenses that the parties have as shown by the documented evidence and the testimony and expenses as relating directly to the care of the child. The Court is of the opinion that strict compliance with the Rule 32 Formula and Guidelines is not appropriate in this case, and to strictly apply the Rule 32 guidelines would be manifestly unjust and inequitable and inappropriate in this case.” (Emphasis added.)
The father testified that he had undergone three back surgeries within four years, and that he was unemployed two of the eight years since the divorce due to his medical problems. During his disability, he received 75 percent of his regular salary. Although the father has returned to full-time employment, he testified that he still misses work an average of four to five days per month due to his back problems. The record revealed that the father was receiving disability benefits when the mother’s petition for modification was filed.
The record indicates that the mother does not include the father in decisions regarding the child, and that he is not actively involved in the child’s life. The father’s mother, however, spends time with the child, she provides some clothing and presents for the child, and she takes care of the child when the mother is away on trips.
The evidence showed that the mother earns approximately $10.00 per hour at her present employment, but anticipates earning a bachelor’s degree in computer science soon, hopefully enabling her to obtain better employment. The evidence further revealed that the father rents a house, and the mother owns a condominium. The father testified that he advised the mother on four or five occasions that if she needed more money, he would help financially if he could do so. The mother never asked for more assistance, and the evidence revealed that the monthly expenses for the child average approximately $200.00 per month. At the modification proceeding, the father testified that he earns approximately $16.00 per hour, and that he could provide only $235.00 per month.
The modification of child support is within the trial court’s discretion and will not be disturbed on appeal unless there is a clear abuse of discretion. Brandt v. Riordan, 547 So.2d 569 (Ala.Civ.App.1989); Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985). The trial court made a written finding on the record that based on the evidence presented justified deviation from the guidelines in this case. The evidence supports a finding that this deviation from the guidelines is justified and is not an abuse of discretion.
Next, the mother argues that the trial court erred in not issuing an immediate income withholding order. Ala.Code 1975, § 30-3-61(c) provides that when the State requests a modified order of support, the withholding order shall be served immediately upon the obligor’s employer and takes effect immediately, unless one of the parties demonstrates, and the court finds, that there is good cause not to require immediate income withholding.
Testimony revealed that the father was occasionally delinquent in paying his support obligation during his disability, but that he was not delinquent in his child support obligation. The court summarized, in pertinent part, as follows:
“The Court will issue an income withholding order, but I want it understood that the Court does not order that [it] be *170 implemented at this time. It is to be issued but it is not to be impl[e]mented unless there is an arrearage exceeding the thirty day amount.”
The court restated this decision in its order and also included findings that the father was not in arrears of his payments, and that he had paid in excess of the amount previously ordered. These findings sufficiently show that the court found good cause to refrain from immediately implementing the income withholding order in accordance with the requirements of Ala. Code 1975, § 30-3-61(c). We find no error here.
Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.