THIGPEN, Judge,
concurring m part, dissenting in part.
I respectfully dissent from that portion of the majority opinion holding that the issuance of an income withholding order is discretionary with the trial court in the present case. In addition to the portion quoted by the majority, Ala. Code 1975, § 30-3-61(c) states:
“Where any order of support is entered or modified at the request of the department, the withholding order issued therewith pursuant to this section shall be served immediately upon the obligor’s employer and shall take effect immediately; except such immediate withholding shall not be implemented in any case where one of the parties demonstrates, and the court finds, there is good cause not to require immediate income withholding, or a written agreement is reached between both parties which provides for an alternative arrange-ment_” (Emphasis added.)
As this statute clearly states, when the department is requesting an order, absent a written agreement in accordance with the statute, the trial court must find that there is good cause for not immediately implementing an income withholding order. See State Department of Human Resources ex rel. Nelson v. Nelson, 606 So.2d 168 (Ala.Civ.App.1992). It appears that the majority relies on a portion of the statute that applies to a request by someone other than the department. Likewise, Hermsmeier, supra, did not involve the department. I would also reverse the trial court’s judgment and remand this case for the issuance of an automatic withholding order, unless the trial court determines that good cause exists for not issuing one immediately. Therefore, I respectfully dissent as to that issue.