This is a post-divorce case.
James Eric Mitchell (father) and Deborah Kay Mitchell Kelley (mother) were divorced in October 1986. The divorce judgment awarded custody of the parties' three minor children to the mother and, inter alia, ordered the father to pay $550 per month in child support.
In April 1991, the mother filed a petition to modify the divorce judgment, requesting an increase in child support and post-minority support for the college expenses of the oldest child. See Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). The father answered that he was unemployed, and hence, unable to pay increased child support or post-minority support. He filed a counter-petition requesting *Page 809 
that his child support obligation be decreased.
The trial court, after ore tenus proceedings, found a material change in circumstances, increased the father's child support obligation to $715 per month, and awarded the mother a $1,000 attorney fee. In granting the mother's post-judgment motion and denying the father's post-judgment motion, the trial court expressly found that the father had "voluntarily reduced his income," and it ordered that the father continue to pay $715 per month until the oldest child completed her four-year college education. The father appeals.
It appears that the father's issues on appeal are: (1) whether the trial court erred in finding a material change in circumstances sufficient to justify an increase in the child support obligation; (2) whether the trial court erred in the amount of the child support obligation it established; (3) whether the trial court abused its discretion in finding that the father had voluntarily reduced his income; (4) whether the trial court erred in ordering post-minority support for college expenses; and (5) whether the trial court erred in awarding the mother an attorney fee.
We note initially that, where the trial court receives ore tenus evidence, its judgment is presumed correct on appeal.Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App. 1991). Modification of a prior judgment based on changed circumstances is a matter that lies within the sound discretion of the trial court, and we will disturb that judgment only when the trial court's judgment is plainly and palpably wrong. Tucker, supra.
 I
The father first contends that the trial court erred in finding that a change of circumstances occurred to warrant increasing the child support obligation. A prior award of child support may be modified only upon proof of changed circumstances. Holliday v. Holliday, 590 So.2d 335
(Ala.Civ.App. 1991). The criteria for determining changed circumstances "is the need of the child and the ability of the parent to respond to that need." Holliday at 337. The mother testified regarding the children's increased needs and added expenses as they grew older, and she introduced evidence concerning the oldest child's college expenses. The oldest child testified regarding her college expenses, and she stated that she had obtained a student loan and that she was working part-time to assist with her college expenses. The record reveals sufficient evidence to support a finding of a change of circumstances since the last judgment sufficient to justify an increase in the father's child support obligation.
 II
The father next contends that the trial court erred in setting the amount of the child support obligation. A trial court may deviate from application of the child support guidelines in Rule 32, Ala.R.Jud.Admin., only where there is a fair, written agreement between the parties setting child support, or where the trial court finds that application of the guidelines would be manifestly unjust or inequitable.State Department of Human Resources v. Nelson, 606 So.2d 168
(Ala.Civ.App. 1992). Although no guideline forms are contained in the record on appeal, the trial court's order expressly states: "The amount of support ordered is in conformance with Rule 32 of the Alabama Rules of Judicial Administration."
The evidence regarding the father's income is conflicting. The father testified that he earned approximately $36,000 annually until May 1991, when he claimed that he was fired from his employment. He testified that he currently worked for his present wife's business, and that he was paid $1,000 per month. The record includes testimony from a past coworker of the father, stating that the father wanted to be fired so that "he wouldn't have to pay any child support." The record also includes the testimony of James Sinkfield, an unemployment insurance investigator for the Alabama Department of Industrial Relations (DIR). Sinkfield testified that the father was investigated regarding a fraud claim, and that the father was observed working while drawing unemployment benefits. Ultimately, the father was required to reimburse DIR approximately *Page 810 
$3000, which he currently is repaying in monthly payments.
The trial court's order explicitly stated that its calculation of the father's child support obligation was "based upon his ability to earn rather than his actual income." It appears from record evidence that the trial court estimated the father's income at or near the level he was earning prior to May 1991, for the purposes of determining his obligation. The trial court was within its discretion in using the father's imputed income, rather than actual income, to determine his child support obligation. Rule 32(B)(5), Ala.R.Jud.Admin.; see also Johnson v. Johnson, 597 So.2d 699
(Ala.Civ.App. 1991).
 III
The father also contends that the trial court abused its discretion in finding that he "voluntarily reduced his income." Record evidence conflicts regarding why the father's employment was terminated. There is also evidence challenging the father's honesty regarding his employment and income. As such, the trial court was presented sufficient evidence from which it could find that the father voluntarily reduced his income. We cannot find that the trial court abused its discretion in so finding. Tucker, supra.
 IV
The father also argues that the trial court abused its discretion in ordering him to pay child support for the college expenses of the oldest child. The trial court ordered the father to pay $715 per month child support for three children pursuant to the guidelines. The mother's post-judgment motion of August 1992, asserted that:
 "The increase in child support contained in Paragraph 1 [of the order] does not take into account the fact that the oldest child of the parties will be nineteen (19) year [sic] of age in December of 1992. Therefore, [the mother] requests that the order of July 21, 1992 be altered so as to provide that the child support obligation of the [father] shall continue at the rate of $715.00 per month until the oldest child completes her four-year college education."
Subsequently, the trial court granted that motion, mirroring the language of the mother's post-judgment motion in that the father "shall continue to pay the sum of $715.00 per month child support until the oldest child completes her four-year college education." There is nothing in the record to indicate what amount, if any, was intended specifically forBayliss support after the oldest child reached the age of majority in December 1992.
In Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990), this court determined that "child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority." See also Yarbrough v. Motley,579 So.2d 684 (Ala.Civ.App. 1991).
In the instant case, because the amount of support was properly ordered pursuant to the guidelines, that amount was undoubtedly proper, at least through December 1992, when the oldest child reached the age of majority. There is evidence in the record regarding that child's college expenses from which the trial court could have determined a proper amount of post-minority support after December 1992. Because the trial court failed to make the distinction between support for the minor children and post-minority support for college expenses, this court cannot determine whether it was error to order the father to pay $715 per month until the oldest child completes her college education. Although it appears that the trial court may have ordered post-minority support, one reading of the terms of the order indicates that the trial court was attempting to set the amount of support payments for a time certain to bar modifications.
The law developing from Bayliss and its nascent progeny challenges trial courts to extend an "effort to chart a new procedure." Thrasher at 841. It appears from the face of the order and the evidence contained in this record that the trial court was attempting to assure that this father contribute to his child's college education. As such, it appears that, although the child is no longer a minor, the petition, consideration of appropriate factors, *Page 811 
and the order, preserved future consideration ofBayliss support for this child. Berry v. Berry, 579 So.2d 654
(Ala.Civ.App. 1991). See also Stein v. Stein, 623 So.2d 318
(Ala.Civ.App. 1993).
That portion of the trial court's order regarding child support is reversed for a determination of what portion, if any, of the $715 per month is intended for Bayliss support for the oldest child.
 V
The father last contends that the trial court erred in awarding the mother an attorney fee of $1,000. The award of an attorney fee in a domestic relations action is a matter within the discretion of the trial court, and it will not be reversed absent an abuse of that discretion. Holliday, supra.
We find no abuse of discretion in the trial court's award of an attorney fee.
Therefore, the judgment of the trial court is due to be affirmed in part and reversed in part, and the cause remanded to the trial court for entry of an order consistent with this opinion.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.