This modification case involves child support.
Patricia Ann Staton Griggs (mother) and Joe Rayburn Griggs (father) divorced in 1991, and, pursuant to an agreement incorporated into the divorce judgment, the mother was awarded custody of the parties' two minor children, and the father was ordered to pay child support of $375 per month per child, to maintain life insurance naming the children as beneficiaries, and to pay one-half of each child's college educational expenses. Pursuant to an agreement apparently made in January 1993, the divorce judgment was modified in March 1993, ordering the father to continue paying $375 per month child support for the parties' younger child, and clarifying the college expenses for which the father was required to pay one-half for the older child.
In February 1993, prior to the entry of the above-mentioned modification order, the father filed a petition for modification of the judgment, alleging that he was unemployed and that he was unable to meet his child support obligations. After ore tenus proceedings, the trial court entered an order in August 1993, reducing child support to $118.80 for the younger child; requiring the father to pay $1,485 for post-minority expenses for the 1993-94 school term for the older child; terminating the father's future obligation to pay post-minority educational expenses, but reserving the right to award such expenses upon future petitions; and terminating the father's obligation to maintain life insurance. The court further required the father to file copies of his 1993 tax returns with the court and to notify the court regarding any future employment. The mother appeals.
The issues on appeal are whether the trial court abused its discretion in reducing child support and whether the trial court abused its discretion in terminating the father's obligation *Page 918 
to pay future post-minority educational expenses.
The mother first contends that the trial court abused its discretion by reducing child support. A prior child support order may be modified only upon a showing of a material change in circumstances that is substantial and continuing, and the burden is on the party seeking the modification. Rule 32(A)(2)(i), Ala.R.Jud.Admin.; Holliday v. Holliday,590 So.2d 335 (Ala.Civ.App. 1991). The modification of child support because of changed circumstances is a matter within the trial court's discretion, and its decision will not be disturbed absent a clear abuse of discretion. Holliday, supra.
The record reveals that at the time of the divorce, the father was employed at SCI Systems in Huntsville, and his gross monthly income was $3,000. The father testified that due to a reduction in force, he was laid off in February 1993, and from that time until June 1993, he received $165 per week in unemployment compensation, and he continued to seek employment. He testified that he had distributed approximately 90 resumes since being laid off, and that he had been on three job interviews, but that he had not received any employment offers. He further testified that his present wife purchased some tools for him, and that he began "doing odd jobs in construction, whatever I [could] find to do." Child support income forms indicate that the father's monthly income was $866 in July 1993.
This evidence supports a finding of changed circumstances. Once a change in circumstances is proven, Rule 32(A), Ala.R.Jud.Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Kellum v. Jones, 591 So.2d 891 (Ala.Civ.App. 1991). The court considered the child support guidelines in this case and awarded support accordingly; however, the mother argues that the trial court should have imputed income to the father because, she says, he was voluntarily unemployed.
Prior to the amendment effective October 4, 1993, rule 32(B)(5), Ala.R.Jud.Admin., stated:
 "If the court finds that either parent is voluntarily unemployed or underemployed, it shall impute that parent's income and calculate child support based on that parent's potential income which would otherwise ordinarily be available."
The trial court must determine that the paying parent is "voluntarily" unemployed or underemployed before it may impute income to that parent, and this determination is discretionary with the trial court. Winfrey v. Winfrey, 602 So.2d 904
(Ala.Civ.App. 1992).
In the case sub judice, the record reveals conflicting evidence regarding whether the father requested to be laid off from his position or whether he was laid off simply due to a reduction in force. The father's supervisor testified that in January or February 1993, the father made an informal request to be laid off. On cross-examination, the supervisor testified that after the layoff occurred, he was informed that the father had been laid off due to a reduction in force and that SCI did not hire a replacement but consolidated the father's position with another position.
The mother testified that before the January agreement between the parties, she and the father had several telephone conversations in which the father threatened to ask to be laid off from SCI to escape paying child support. She further stated that a few days after the agreement was entered into, he called her and said he would ask to be laid off in order to avoid paying support "and that he would fix a construction company up and the books would show . . . that he was in the hole."
The father testified that he had never requested that he be laid off. He stated that "everybody was always worried about their job" and that he had said, "Well, if it's my turn and they are going to lay me off, I just wish they would go ahead and do it; I'm tired of worrying about it."
Where the trial court considers conflicting ore tenus evidence, its judgment is entitled to a presumption of correctness, and we are not permitted to substitute our judgment for that of the trial court. Waid v. Waid,540 So.2d 764 (Ala.Civ.App. 1989). It *Page 919 
is our duty to affirm the trial court's judgment if it is fairly supported by credible evidence, "regardless of our own view of that evidence or whether we would have reached a different result had we been the trial judge." Young v. Young,376 So.2d 737, 739 (Ala.Civ.App. 1979). There was evidence to support a finding that the father was not voluntarily unemployed or underemployed; therefore, the trial court's judgment will not be disturbed.
The mother also contends that the trial court abused its discretion by terminating the father's obligation to pay post-minority support. At the time of the current petition, the older child had completed her freshman year in college. The father testified that he had "cashed out" $1485 in retirement benefits from SCI which he would give to the older child for college expenses, but that he had no other money or assets with which he could pay for college expenses the next year. The trial court ordered the father to pay $1485 towards the college expenses for the next school year, but otherwise terminated his obligation regarding post-minority support, subject to an express reservation regarding any future petition for post-minority support.
Where evidence is presented ore tenus in post-minority cases, the trial court's judgment is presumed to be correct and will be reversed only upon a showing that the trial court abused its discretion, or that its determination is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990). Furthermore, the general principles concerning child support are equally applicable to a motion for post-minority college support. Berry v. Berry, 579 So.2d 654 (Ala.Civ.App. 1991). Therefore, the father had the burden of showing a change of circumstances since the previous judgment. Our review of the record reveals support for a finding of changed circumstances, and we find no error.
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed. We note that the trial court ordered the father to file 1993 income tax returns with the court and to notify the court regarding any future employment he obtains, and that the trial court expressly reserved modification rights regarding future petitions for post-minority education expenses. We further note that the trial court has continuing jurisdiction over matters of child support, and its judgment may be modified in the future as the result of changed circumstances. Hannah v. Hannah,582 So.2d 1125 (Ala.Civ.App. 1991).
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 1332