SAM A BEATTY, Retired Justice.
James V. Rasp and Jayne E. Rasp Ballard were divorced in July 1990. The divorce judgment incorporated a separation agreement between them. The mother was awarded custody of the parties’ daughter, who was then four years old, and the father was awarded specified visitation rights. The father insisted, he says, that the agreement contain a provision specifying that if either party moved away from Mobile County, that party would be responsible for “all transportation costs involved for the regular weekly visitation with the minor child.”
The mother remarried in 1993. Her present husband is on active duty with the United States Coast Guard. In August 1993, the *2 mother filed a petition to modify and a motion requesting relief from the divorce judgment pursuant to Rule 60(b), Ala.R.Civ.P. She asked that the judgment be modified to delete the transportation-costs provision, to change the father’s visitation schedule, and to increase the father’s child support payments. She also requested a payment from the father representing her interest in the home-place, pursuant to a separate agreement between the parties. The trial court modified the father’s visitation schedule and child support, but did not delete the transportation-costs provision. The trial court also ordered the father to pay $1,000 to the mother for her interest in the homeplace. The father appealed. This court reversed the portion of the trial court’s judgment granting the Rule 60(b) relief, but affirmed the remainder of the judgment. See Rasp v. Ballard, 651 So.2d 39 (Ala.Civ.App.1994).
In March 1995, the mother filed another petition for modification. She requested that the court again modify the father’s visitation schedule because her present husband had been transferred to Alaska and, therefore, the existing visitation schedule would become unworkable, she said, after the child moved with her mother and stepfather to Alaska. The mother also again requested modification of the transportation-costs provision. The father counterpetitioned, requesting custody of the child. He also requested a restraining order preventing the mother from taking the child with her to Alaska. After a hearing, the trial court modified the divorce judgment. The mother retained custody of the child, and the court allowed her to take the child to Alaska. The court ordered the mother to be responsible for half of the transportation costs in getting the child to Mobile for summer visitation. The court also modified the father’s visitation schedule and awarded the mother a $250 attorney fee.
Both parties filed post-judgment motions requesting clarification or amendment of the judgment. The trial court responded by amending the judgment to provide clarification of the father’s visitation schedule. The court specified (1) that the father’s six weeks of summer visitation was to begin on July 1; (2) that the Thanksgiving visitation ordered on alternate years would be for one week, and specified the dates for 1995 and “for similar dates” in alternating odd years; (3) that the spring break visitation ordered on alternate years would be for 10 days, and specified the dates for “this year” and “for similar dates” in alternating even years; and (4) that Christmas visitation in odd years would begin “with the minor child flying out on December 22nd and flying back on December 31,” and in even years would begin “with the minor child arriving in Mobile on December 26th and returning to Alaska on January 3rd.” The court further amended the judgment ex mero motu to provide that the father was to make all arrangements for the flights, that the child was to be “stewardess attended” on each flight, and that any of the child’s departure dates could be delayed to accommodate visitation with her maternal grandparents, provided that the mother gave the father 60 days’ notice and paid any difference in transportation costs.
Both parties appeal. The father contends that the trial court erred in modifying the transportation-costs provision and in requiring him to pay attorney fees to the mother. The mother contends that the trial court abused its discretion by ordering holiday visitation that she says is “punitive” to the child, by allowing the father to make the travel arrangements, and by not clarifying the costs it ordered the father to pay.
Regarding the transportation-costs provision, the father argues that the mother did not prove any material change in circumstances that would allow the trial court to modify the judgment. Therefore, he argues, the modification was an abuse of discretion and was plainly and palpably wrong. The mother contends that she proved a material change in circumstances by showing that she had remarried, that her present husband was required to serve an overseas tour (Alaska qualified as an overseas assignment), and that the child’s travel time to and from Alabama would be lengthy after the move to Alaska. The mother also argues that the transportation-costs provision was no longer applicable because it required the moving party to pay for costs associated with “regu *3 lar weekly visitation,” which would not be practical once the parties moved.
Regarding the award of $250 in attorney fees, the father argues that the record does not support any fee award and that he merely defended the petition filed by the mother. We note that the mother testified that she filed her petition only after she was unable to work out a new visitation schedule with the father. Furthermore, the father not only defended her petition, but also petitioned the court to give him custody of the child and requested a restraining order preventing the mother from taking the child with her when she moved.
Both of these issues fall squarely within the sound discretion of the trial court. Mitchell v. Kelley, 628 So.2d 807 (Ala.Civ.App.1993) (modification of divorce judgment based on change in circumstances); Ayers v. Ayers, 643 So.2d 1375 (Ala.Civ.App.), cert. denied, Ex parte Ayers, 643 So.2d 1377 (Ala.1994) (award of attorney fees). We perceive neither an abuse of discretion nor plain and palpable error.
Two of the issues raised by the mother have to do with the new visitation schedule ordered by the court and the child’s travel arrangements. The mother argues that the visitation will be punitive to the child because she might have to miss school in order to comply with the dates ordered by the trial court, and that the dates are impractical and are not in the child’s best interests. The father responds by pointing out that whether the child will have to miss school is purely speculative at this point, and that there is no evidence in the record to support the mother’s allegation that the visitation is not in the child’s best interests. The mother also argues that she should be allowed to make the travel arrangements for the child because she is more familiar with the child’s schedule and the airports through which she will travel. The father points out that the mother cites no legal authority for her contentions and that there is no evidence in the record to support them.
Although the mother clearly is unhappy that the child will be required to travel to Mobile for several holidays, nothing in the trial court’s order constitutes an abuse of discretion or plain and palpable error. On the contrary, it is obvious that the trial court endeavored to balance the father’s desire to spend time with his child and the reality of the long flights that the child will have to make in order to be able to effectuate the visitation ordered. There is no reason that the father should not make the travel arrangements, especially in light of the modification requested by the mother that now places on the father the burden of the costs, except for half of the summer visitation costs.
The mother argues that the judgment contains an “apparent error” that should be corrected in any event. The mother apparently believes that the dates specified for Christmas vacation are conflicting, but she is mistaken. After reviewing the judgment, we find it clear that one set of dates applies to odd years and the other set of dates applies to even years. There is no error.
The mother also argues that the trial court’s award of costs to be paid by the father should be clarified to require him to pay for a deposition she took in preparation for trial. The deposition was not used. There is no merit to this argument.
Even though this case presents some unusual circumstances, its resolution simply involves adherence to the ore tenus rule. When a trial court hears ore tenus evidence, its judgment based on that evidence is entitled to a presumption of correctness. Wester v. Wester, 500 So.2d 1106 (Ala.Civ.App.1986). Let the judgment be affirmed.
Each party’s request for an attorney fee on appeal is hereby denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.