THOMPSON, Presiding Judge,
dissenting.
After reviewing the record in this case, I believe that the juvenile court’s judgment, based upon ore tenus evidence, is due to be affirmed. Our standard of review is well settled:
“ We are not allowed to substitute our judgment for that of the trial court, even when this court might have reached a different result, unless the trial court’s resolution of the facts is plainly and palpably wrong. L.R.M. v. D.M., 962 So.2d 864, 873-74 (Ala.Civ.App.2007) (citing Griggs v. Griggs, 638 So.2d 916, 918-19 (Ala.Civ.App.1994), quoting in turn Young v. Young, 376 So.2d 737, 739 (Ala.Civ. App.1979)). “ ‘[A]n appellate court may not substitute its judgment for that of the trial court. To do so would be to reweigh the evidence, which Alabama law does not allow.’ ” Ex parte R.E.C., 899 So.2d 272, 279 (Ala.2004) (quoting Ex parte Foley, 864 So.2d 1094, 1099 (Ala.2003)). When addressing the inability of an appellate court to reweigh the evidence and substitute its judgment for that of the trial court, our supreme court recognized:
“ ‘ “The trial court must be allowed to be the trial court; otherwise, we (appellate court judges and justices) risk going beyond the familiar surroundings of our appellate jurisdiction and into an area with which we are unfamiliar and for which we are ill-suited — factfinding.”
‘“Ex parte R.T.S., 771 So.2d 475, 477 (Ala.2000).’
“J.B. v. Cleburne County Dep’t of Human Res., 992 So.2d 34, 39-40 (Ala.Civ. App.2008).”
J.L. v. W.E., 64 So.3d 631, 635 (Ala.Civ. App.2010). Furthermore, when a juvenile court receives ore tenus evidence and observes the witnesses’ demeanors, “this court cannot reverse the juvenile court’s judgment unless it is unsupported by the evidence so as to be clearly and palpably wrong.” J.W. v. C.H., 963 So.2d 114, 120 (Ala.Civ.App.2007).
In support of his assertion that clear and convincing evidence does not support *1276 the juvenile court’s finding that the child is dependent, the father compares the facts in this case with those of J.L. v. W.E., supra. In J.L., as in this case, the child was in the mother’s custody pursuant to a divorce judgment at the time the Talladega County Department of Human Resources (“the Talladega County DHR”) removed the child from the home. The removal was brought about because of the mother’s deleterious conduct. When the father learned that the mother no longer had custody of the child, he petitioned for custody. The child’s maternal grandparents also sought custody of the child. Id. at 632-33.
In J.L., the father had been involved in two incidents of domestic violence, one of which had occurred when he was 18 years old, more than 10 years before the events made the basis of that case. As directed by the Talladega County DHR, the father completed an anger-management course. The father also had tested positive for the use of marijuana on one occasion, but the results of all subsequent drug tests during the course of the litigation — including a test ordered on the day of the hearing— were negative for the use of drugs. The father held a steady job, lived with his mother in a house that the Talladega County DHR had found was suitable for the child, and had always exhibited appropriate behavior when visiting with the child. Id. at 636. This court found that the juvenile court’s judgment finding the child dependent and awarding custody to the maternal grandparents was not supported by clear and convincing evidence. Id. at 637. Specifically, we held that there was no evidence indicating that the father was unable or unwilling to care for the child; thus, the finding of dependency was improper. Id. at 637.
Although many of the facts in J.L. are similar to those in this case, the two cases are distinguishable in important ways. Although the father in J.L. had successfully completed an anger-management course, the evidence in this case indicated that the father’s counselor, who was attempting to teach coping skills to the father, had ended their sessions because the father was not making progress. The father had difficulty understanding the guidance workers for the Cleburne County Department of Human Resources (“the Cleburne County DHR”) had attempted to provide to him. The father admitted that his mother had to help him write checks and “stuff like that.” Evidence also indicated that the father had made inappropriate choices concerning the child, such as allowing the child to play with a cigarette lighter and failing to give the child medicine prescribed by the pediatrician because the father did not believe the child needed it. The father in this case also had limited experience in spending time alone with the child, who was three or four years old at the time of the dependency hearing. No such evidence was presented in J.L. In this case, the Cleburne County DHR recommended that the child remain with the child’s maternal great-grandmother. The juvenile court, which had the opportunity to observe the father during the hearing, explicitly found that “the father has assistance in caring for himself and would need such assistance to continue to adequately care for the child.”
Admittedly, this is a close case, and I may have reached a different conclusion than the juvenile court. However, the juvenile court had the opportunity to observe the parties as they testified, and it was in a better position than this court to make the determination whether the father was capable of fulfilling his responsibilities to the child. Although evidence indicated that the father appeared to be making progress *1277 toward being able to care for the child and although there is no evidence indicating that the father would intentionally harm the child, as previously mentioned, there was also evidence indicating that the father had made decisions that were detrimental to the best interests of the child. Based on the ore tenus standard of review requiring that we give deference to the juvenile court’s findings of fact, see J.L., 64 So.3d at 687, I cannot say that the evidence does not support the conclusion that the father was unable to care for the child at the time of the hearing or that the juvenile court’s judgment is clearly erroneous. Because I would affirm the judgment of the juvenile court, I must respectfully dissent.
PITTMAN, J., concurs.