This case concerns credits against child support arrearage.
By reason of the trial court's ratification of an agreement of the parties, the 1967 final divorce decree awarded custody of their four year old son to the mother and ordered the father to pay $100 each month as child support. No further proceedings were had in the case until the mother filed her petition in 1983 whereby she sought a judgment against the father for the amount of his arrearage in child support payments. The father's answer was that the son, who was then twenty years of age, had been supported by the father in the form of clothing, spending money, and other means, and that the father was not delinquent in such support. After testimony was presented before the trial court, a judgment was entered which found, first that about ten years earlier the parties entered into an agreement at the request of the mother whereby the father would provide clothing and medical care for the child in lieu of direct monetary payments to the mother and that, thereafter, the father complied with the terms of the agreement. That agreement was never presented to, nor approved by, the trial court. Second, it was determined by the trial court that the father was entitled to credits against any child support arrearage and that, since the father had provided support for the child in an amount at least equal to that support which was required by the divorce judgment, the relief requested by the mother in her petition for a judgment was denied. The mother duly appealed.
As to the first factual finding, the parents of a minor child cannot nullify nor modify a previous child support judgment by their mutual agreement without receiving the approval of the trial court to do so. Everitt v. Everitt, 279 Ala. 64,181 So.2d 504 (1965); Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147
(1963). Since there was no approval by the trial court of that last agreement of the parties, it had no effect and the issue before us evolves as to whether the trial court erred in allowing credits to the father in an amount which was at least equal to the support which was required by the divorce judgment during a ten year period in question.
A search of the record reveals that there was evidence that the following items of support were provided by the father for the son between January 1972 and 1982, when the boy reached his majority.
The son resided with his father for four or five full summers and for two or three weeks at a time during the remaining school summer vacations. For a period of years, he was at his father's home almost every weekend, a weekend being two full days. The son spent Thanksgiving and A.E.A. vacations with his father almost every year and one week during the Christmas holidays every year. The father provided *Page 394 
the boy with spending money, sports equipment and fees, fishing tackle and supplies, much of his clothing and shoes, and his high school senior class ring. The father further furnished hospital insurance coverage for the boy and paid the son's premiums for life insurance and education endowment policy. The child's dental needs and expenses were borne by the father. There was evidence that the father provided for the son anything else which the boy wanted or needed. The mother admitted that the father had done many, many things for his son over the years.
There was no evidence of any nature as to the amount, or of the approximate amount or value, of any of the above support items or for the amount of support provided while the son was with the father except the father testified that the boy had commenced to live with him after the son reached nineteen years of age and that the expenditures thereafter for the son amounted to over $5,000 for a period of about two years. The mother admitted that she received a total of $300 directly from the father and $25 per month for about two years from him through a juvenile court.
An award or a denial of credits to be applied against court-ordered child support arrearage is within the sound discretion of the trial court and will not be reversed on appeal in the absence of an abuse thereof. Marsh v. Marsh,426 So.2d 847 (Ala.Civ.App. 1983). However, the obligated parent has the burden of proof as to the amount of support expenditures made on behalf of the child which the parent seeks as a credit against court-ordered child support. Stringer v.Sheffield, 451 So.2d 320 (Ala.Civ.App. 1984); Wood v. Wood,434 So.2d 800 (Ala.Civ.App. 1983); Anonymous v. Anonymous,428 So.2d 109 (Ala.Civ.App. 1983); Weaver v. Weaver, 401 So.2d 77
(Ala.Civ.App. 1981), cert. denied, 401 So.2d 78 (Ala. 1981).
Here, the father proved that he had custody of the child for various periods of visitation time but he did not present any type of evidence as to any expenditure made for the child on those occasions except for over $5,000 which was spent after the son had reached his majority. A court may not credit an obligated parent for support furnished to an adult child. Wood,supra; Weaver, supra. Further, except for the total of about $900 in cash payments made to or received by the mother, there was no direct evidence, opinion evidence, or any other type of evidence which had any probative value as to the amount, or value, of any expenditure or any group of expenditures made by the father over any portion of the ten year period for items, services, or benefits purchased for or provided to the son by the father. Therefore, the trial court had no basis upon which to determine that credits should be allowed to the father towards his divorce decree child support arrearage, except for the $900.
We especially note that Weaver, supra, speaks to the present issue. There, the trial court had determined that the father was entitled to credits in an amount which was at least equal to the amount of the arrearage, but there was no proof of the value or amount of expenditure as to such credits. This court determined that it would not have been error to allow such credits if the father had presented evidence that he had actually provided support for the child in the court-ordered monthly amount of $100 or more, but, since there was no testimony of the amount of the child support which was provided, the case was reversed. Weaver, supra. Thereafter, certiorari was denied by the supreme court. The Weaver case is dispositive of the issue before us.
Because the father failed to provide any type of proof of the amount of any of such expenditures, we reverse this case. Upon remand, the learned trial court will receive such additional evidence as the parties may properly present upon the issue of credits and the amount thereof. With that proof, any credit to be allowed or denied to the father would fall within the sound judicial discretion of the trial court. *Page 395 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
 On Rehearing