This is a divorce case.
The wife argues through able counsel that the trial court erred in awarding a home equally to the parties and in not requiring the husband to pay a specific amount of child support.
The evidence, which was taken ore tenus before the trial court, was in sharp conflict in some respects as to the division of property. The parties own a forty-two acre farm valued at $12,000 and some farming equipment worth about $18,000. The land and equipment are subject to a $161,000 Farmer's Home Administration mortgage which is in default and in immediate danger of foreclosure. The other primary asset is a $12,000 house in Uniontown which was purchased in the wife's name. The family has lived there since August 1984. However, the trial court ordered the husband to move in December 1985. The wife is adamant that the house belongs solely to her, while the husband contends that the deed was placed only in her name in the hope that by doing so creditors might be prevented from having some claim to it. The wife contends that she has made all of the payments upon the house, the debt against it now being only $4,000. The husband testified to sums which he expended on the house, such as $1,500 for a porch. Neither party has any apparent present interest in the husband's mother's farm.
The wife was awarded the custody of the two minor children. She has taught school since 1979 and has an income of $20,000 but has quit one of her two jobs. The husband's 1985 net income was only $706.
At the conclusion of the ore tenus trial, the circuit court made the following findings which are pertinent to the present issues:
 "I'm satisfied that whatever was acquired during this marriage was acquired as a result of mutual effort of the parties; and that has to do with assets as well as liabilities. And both parties so far as I'm concerned are each entitled to one-half interest in the assets and their obligations that they have entered into with the creditors involved.
 ". . . I don't see but one item of property that has any value at this point and that's this house in Uniontown. It looks *Page 171 
like everything else has considerably more owed than any possible equity. And I won't venture to guess what the hopes of salvation are concerned so far as the estate generally is concerned. But I'm going to order at this point that that particular house that is described in the deed that's in evidence in this case is jointly owned and each of the parties have a half interest in it. But the wife shall be entitled to continue possession of that house because she has to have a place and a place for the children. And she will have the possession and the right to live there until the youngest child reaches the age of 19 or otherwise becomes independent and no longer dependent on the momma and the daddy for support. At that point in time, either of the parties may, if the parties cannot agree as to a division of that asset at that time, then either of the parties can petition the Court for a sale for division and that house at that point will be sold and the proceeds divided equally between the parties after any expenses of the sale.
". . .
 "As to the child support, of course the man has an obligation to support his children and he knows that. And I would like to order a special order of child support; but based on the evidence that I have before me at this point, I can't do it because I don't have anything to base it on. That again would have to be arbitrary. But at this point, I'll order him within his means and his ability to support his children. And when you become employed or when there is evidence before the Court of your income, then if that should be made available to me, and if that order has to be more specific as to the amount, then I will order it when that evidence is before me and available.
". . .
 "As to the other items, it would clearly appear to me that no division order is needed at this time in that they are so heavily encumbered and there is nothing that either of the parties could do with them or anything that I could order at this time.
 "MR. GILMORE: I think they will be foreclosed on pretty quick, Your Honor.
 "THE COURT: Unless there is a miracle worker somewhere, it appears they would be."
There was evidence presented at trial which supports the findings and conclusions of the trial court, and we will not detail any further facts, for to do so would add nothing to precedent.
The trial court entered a judgment in accordance with the foregoing findings. That judgment as to the property division and child support bears the ore tenus presumption of correctness and will not be disturbed on appeal unless the decision was so unsupported by the evidence as to be palpably wrong. Both issues fall within the discretion of the trial court and its holding will not be altered on appeal except for a palpable abuse of discretion. Golson v. Golson, 471 So.2d 426
(Ala.Civ.App. 1985). The needs of the children and the means of the parents to reasonably provide for their support are among the important factors to be considered by the trial court in determining an award of child support and the amount thereof.Langford v. Langford, 441 So.2d 962 (Ala.Civ.App. 1983); Stubbsv. Puls, 429 So.2d 1071 (Ala.Civ.App. 1983).
As to the child support controversy, we note that the judgment did not set any definite amount for the father to pay at this time, but ordered him to pay child support within his means, with the provision that a sum certain will be later ordered when and if he becomes gainfully employed. In view of his present destitute financial condition, lack of credit, no unencumbered assets, and almost total lack of income, and after considering the wife's income and financial condition, the judgment was not unreasonable. The present judgment as to child support could be viewed as being somewhat temporary in nature until his financial condition improves and he can more adequately provide for the support of his minor children. In *Page 172 
the meantime, if he does not support them within his means, he might be subject to contempt of court proceedings.
As to both issues, the evidence supports the findings and final judgment. The trial court was not palpably wrong and did not abuse its discretion. Consequently, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.