This is a child support case.
The parties were divorced in the Circuit Court of Madison County on April 12, 1988. The mother was awarded custody of the parties' three minor children and the father was ordered to pay child support.
On January 19, 1990 the father filed a petition to modify, seeking custody of the three children and an award of child support from the mother if the change were granted. After an ore tenus proceeding the trial court entered an order on July 23, 1990 changing custody of the children to the father. However, the trial court found that the mother was in severe financial difficulty and therefore did not order her to pay monthly child support to the father. The father appeals.
We begin by recognizing that the issue of child support is within the discretion of the trial court and its judgment on such a matter will not be reversed unless it is clearly and palpably an abuse of discretion. Riley v. Riley, 562 So.2d 265
(Ala.Civ.App. 1990). The trial court is not required to direct payment of child support in every case. Ezell v.Hammond, 447 So.2d 766 (Ala.Civ.App. 1984).
The sole issue before us is whether the trial court abused its discretion by failing to require the mother to pay monthly child support in accordance with the child support guidelines set out in Rule 32 of the Alabama Rules of Judicial Administration.
The husband correctly points out that the child support guidelines are binding on cases filed on or after October 9, 1990. Rule 32, A.R.J.A.; see also Ex parte Kiely,579 So.2d 1366 (Ala.Civ.App. 1991). When applied, the guidelines are presumed to render the correct amount of child support. However, this presumption may be overcome where "[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii), A.R.J.A.
In its order the trial court made specific findings of fact concerning the wife's financial situation and determined from these facts that application of the guidelines would be "manifestly unfair." We find that the trial court's findings are supported by the evidence presented. At the time of trial, the mother had been working nearly one year as a real estate broker with her earnings based solely on commission. The record shows that the mother's average earnings in 1989 were $238 per month and that her earnings in 1990 were sporadic. The record also shows that the wife has declared bankruptcy but is still burdened with substantial debt.
We have previously stated many times that a parent's ability to pay child support is a crucial factor to be considered in the determination of child support. McCluskey v. McCluskey,495 So.2d 66 (Ala.Civ.App. 1986); Tucker v. Tucker, 403 So.2d 262
(Ala.Civ.App. 1981). Where no such ability is found by the trial court, it is improper to order a parent to pay child support. See Waddy v. Waddy, 497 So.2d 169 (Ala.Civ.App. 1986). Where child support is improper, the child support guidelines can have no effect. Indeed, the official comments to Rule 32 state that "[t]he guidelines will provide an adequate standard [of] support for children, subject to the ability oftheir parents to pay" (emphasis added). See also Peck v.Peck, 581 So.2d 1119 (Ala.Civ.App. 1991). It thus appears that a parent's inability to pay child support is a proper basis for deviation from the guidelines. Accordingly, we do not find that the trial court's judgment in this case constitutes reversible error. However, we do note that the trial court has continuing jurisdiction over matters of child support, and its judgment may be modified in the future due to changed circumstances. Conradi v. Conradi, 567 So.2d 364
(Ala.Civ.App. 1990); Waddy.
In light of the foregoing, the trial court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 1127 
this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.