This is a divorce case.
In 1981 the parties were divorced in the Montgomery County Circuit Court and the parties' previous separation agreement was incorporated into the divorce decree. The wife was awarded custody of the parties' three children. The husband was ordered to pay $400 in child support, to provide medical insurance for the children, and to pay any medical expense in excess of $50 not covered by insurance. The wife filed a petition for contempt in 1982, but voluntarily dismissed it.
In 1990 the husband filed a petition to modify the divorce decree. The husband sought custody of the parties' eldest child and a reduction in his monthly child support obligation. The wife filed an answer and a counterclaim for overdue child support. In his answer to the counterclaim the husband alleged that he was entitled to various credits against past child support payments.
After an ore tenus proceeding, the trial court granted custody of the eldest child to the husband. The court ordered the wife to provide medical and dental insurance for *Page 1008 
the eldest child, but did not order her to pay child support. The court ordered the parties to share the costs of the children's college educations, as well as the costs of visitation to their respective noncustodial parents. The court granted the husband's motion to modify and eliminated his obligation to pay $400 per month child support. However, the court found that the husband owed $8,379 in back child support and ordered him to pay off the arrearage in monthly installments of $200. The husband's subsequent motion for reconsideration was denied and he appeals.
The husband first argues that the trial court erred in failing to grant him various credits against the arrearage he owes.
At trial, the husband conceded that he failed to pay his child support payments at certain times after the divorce. The record shows that most of these missed payments occurred around 1985, when the wife moved with the children from Alabama to Virginia. During this time, the wife was forced to hold two jobs in order to support the children. The husband resumed paying monthly support before 1988, but sometimes missed payments when the children were visiting him. The husband has consistently failed to pay the children's medical expenses as required by the divorce decree and did not maintain insurance for them.
The record shows that the parties' eldest son visited the husband in the summer of 1987 and moved in with him in the winter of 1988. The son has lived with the husband since that time and the husband has provided all of his support. At trial, the husband presented evidence to show that he has expended over $4,000 toward the support of his son.
Although child support payments are final judgments as of the date they accrue, we have allowed offsets to be made in instances where a child lived with the father at the time of accrual and the father was able to prove that he made contributions to the child's support. McDaniel v. Winter,412 So.2d 282 (Ala.Civ.App. 1982); Keller v. Keller,370 So.2d 306 (Ala.Civ.App. 1979); Nabors v. Nabors, 354 So.2d 277
(Ala.Civ.App. 1978). The facts in the above-cited cases are similar: the father would fail to pay child support to the wife during periods when the child was living with him or a third party, thus causing arrearage to accrue. The father would then seek credit against this arrearage for the actual support he provided to the child in his care during the period that thearrearage accrued. It would then be within the trial court's discretion to determine whether to award credits for this support.
In this case the husband seeks credit for the thousands of dollars he has spent to support the eldest son for the past two and one-half years. However, the husband seeks to apply this credit to arrearage that was produced in 1985, when he stopped paying support to the wife for the care of the three children in her custody. The key factor to be considered in giving credit for child support arrearage is whether the husband contributed to the actual support of the children during thetime the arrearage accrued. Keller. Here, the record shows that the husband did not pay child support or otherwise provide support for the children in 1985; thus, we find no error in the trial court's refusal to grant him credit for the arrearage that was produced at that time.
The record indicates that some of the arrearage did accrue while the son lived with the husband and at times when the other children visited him in the summer. The record clearly shows that the husband actually provided support for the children during these times; thus, an award of credit against arrearage during that period would not be improper. However, such credits are not automatically awarded in these situations; the decision to do so is made by the trial court in its discretion, after it reviews all the surrounding circumstances. We will not disturb the court's decision unless it is so erroneous as to be an abuse of discretion. Hebert v.Stephenson, 574 So.2d 835 (Ala.Civ.App. 1990).
Here, in light of the husband's chronic failure to pay regular support or maintain medical insurance for the children, the trial court could have denied the credits sought *Page 1009 
by the husband. In view of the evidence, we cannot say that the court's judgment is so unjustified as to amount to an abuse of discretion. Therefore, it must be affirmed.
The next issue raised by the husband is whether the court erred in ordering the parties to share the costs of transporting the children to visit their respective noncustodial parents and to share the costs of the children's future college educations. The husband argues that granting this relief was inappropriate because neither of the parties requested it in their pleadings or at trial.
It is axiomatic that the trial court has broad discretion in matters of visitation, including how the costs of transportation will be paid. Fitzgerald v. Fitzgerald,356 So.2d 184 (Ala.Civ.App. 1978). Moreover, the court's jurisdiction over such matters is equitable in nature and equity delights to do justice in whole, not in part. Broadnaxv. Broadnax, 558 So.2d 929 (Ala.Civ.App. 1989). By asking the court to decide the issue of custody, the father implicitly invoked the court's power to determine the related issue of visitation. We find no error in the court's exercise of discretion over this issue.
In the parties' separation agreement, which was later incorporated into the divorce decree, we find the following provision:
 "In addition to such child support as may be provided by the Court, the Husband agrees that, should any of the children of the parties desire to attend college, the Husband will make all reasonable efforts to assist such child or children with a cost of such college education."
In ordering the husband to share the costs of the children's education, the court did not award any new relief to the wife; rather, the court merely reiterated the obligation that was already incumbent upon the husband. There was no error in the court's emphasis on this portion of the divorce decree.
The final issue raised by the husband is whether the trial court erred in not applying the child support guidelines to this case and thereby not ordering the wife to pay child support for the eldest son.
In this case, the trial court found that application of the child support guidelines, Rule 32, Alabama Rules of Judicial Administration, was not necessary because the parties have split custody of the children.
As the husband points out, Rule 32 does not prevent the guidelines from being applied in situations where each parent has custody of a child or children of the marriage. However, Rule 32 does allow deviation from the guidelines where, upon a finding of fact based on the evidence presented, the court determines that application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(ii), A.R.J.A.
Here, the trial court specifically found that it would be more equitable for each party to pay support only for the children in their custody. The record contains ample evidence to support the trial court's determination; thus, we find no error in its failure to apply the guidelines in this case. The court's judgment is affirmed.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1010