The parties to this modification proceeding were divorced in October 1983 in the Autauga County Circuit Court. The mother, Judy Gilliland Sanders, was awarded primary custody of the three children born of the marriage, and the father, William Ray Gilliland, by agreement, was ordered to pay $290 per month per child ($870 per month) as child support.
In 1984 the child support was modified to provide that the father pay $300 per month for the oldest child, $250 per month for the second oldest child, and $200 per month for the youngest child, until each respective child reached majority.
On September 12, 1991, the mother filed a petition to modify, seeking an increase in child support for the youngest child, who was then seventeen years old. The two older children had already reached the age of majority. After an ore tenus proceeding in August 1992, the trial court entered an order on October 26, 1992, which found that "the needs of the minor child, Heather Gilliland, have not undergone a material change sufficient to warrant the modification of child support" and, inter alia, denied the mother's petition to modify.
The mother contends on appeal that the trial court erred in finding no material change of circumstances sufficient to warrant the modification of child support in accordance with Rule 32, Alabama Rules of Judicial Administration, and that the trial court erred in not awarding the mother an attorney's fee.
The modification of child support is a matter within the trial court's discretion, and its decision will not be reversed unless there is a clear abuse of that discretion.Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App. 1985). The criteria for determining changed circumstances are the increased needs of the child and the ability of the parent to respond to those needs. Holliday v. Holliday, 590 So.2d 335
(Ala.Civ.App. 1991); Simpkins v. Simpkins, 435 So.2d 753
(Ala.Civ.App. 1983).
Since the divorce both the mother and the father have remarried. The record reflects that their respective incomes are disparate. The mother is a Clerical II State of Alabama employee, while the father is a successful businessman. The father's income tax returns reflect that in 1987 he had an income of $110,709. In 1988 his tax returns reflected an income of $168,827; in 1989 his income was $132,795; in 1990 it was $153,788; and in 1991 it was $252,890. Each of these figures includes interest income and rental income from the father's various investments. The divorce decree also allowed the father to claim his youngest daughter as a deduction for federal and state income tax purposes, which he has done each year.
Evidence before the trial court reflected that the daughter's increased needs include fees for band, fees for typing, fees for computers, locker fees, lunch money, band camp expenses, and color guard and cheerleader uniforms, among other things. The mother contends that these increased needs, coupled with the father's ability to pay, justify an *Page 679 
increase in child support for the youngest daughter.
The father testified that if the daughter needs anything, all she has to do is ask. The mother testified that the youngest daughter does not like to ask her father for money for personal things that she needs and that the father is not always easy to reach. The father contends that the mother is attempting to better her circumstances by asking for an increase in child support. This court has held that the trial court may modify child support even though the mother may be incidentally benefited. Holliday; Simpkins.
We find that there was more than sufficient evidence before the trial court to show a material change in circumstances that was substantial and continuing, thereby requiring the application of Rule 32, A.R.J.A. We hold that the trial court committed a clear abuse of discretion in failing to grant the mother's petition to modify.
The trial court's judgment, as to the issues of child support and attorney fees, is hereby reversed. This case is remanded for the trial court to comply with the Child Support Guidelines, which includes compliance with Rule 32(A)(ii), A.R.J.A., if the award varies from the amount established by a Form CS-42 calculation. Because the record reflects that the youngest child was 17 years old when this action was filed, that the case was delayed by the father's motions for continuance, and that the child has now reached the age of majority, we direct the trial court to grant the child support retroactive to the date of the filing of the petition.
The trial court is further directed to address the mother's request for the award of an attorney's fee. While the award of an attorney's fee in a domestic relations action is a matter within the discretion of the trial court and, absent an abuse of that discretion, will not be reversed, Holmes v.Holmes, 487 So.2d 950 (Ala.Civ.App. 1986), we find that the record supports such an award in this case.
The Child Support Guidelines Committee's proposed changes to Rule 32, pursuant to federal mandates, provide that "[t]here shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent. . . ." When that proposed change becomes effective, the burden of proof will shift to the party opposing modification to overcome the presumption that child support should be modified when the existing award varies by more than 10% from the amount indicated in the guidelines.*
Presently, the burden is on the party seeking a modification to prove a material change in circumstances, and this proof must be met before the guidelines can be applied.Moore v. Moore, 575 So.2d 95 (Ala.Civ.App. 1990). When the supreme court adopts the new proposed Rule 32, Moore will, in effect, be overruled.
The mother's request for an attorney's fee on appeal is granted in the amount of $1500.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.
* Reporter of Decisions' note: The Supreme Court of Alabama adopted this proposed change, by order dated August 24, 1993; the change was effective October 4, 1993. See Rule 32(A)(3)(b), Ala.R.Jud.Admin.