YATES, Judge.
Louis Simera appeals from the trial court’s order granting his former wife, Kathy Sim-era, relief on both a Rule 60(b), Ala.R.Civ.P., request and a motion to modify an award of alimony. This is the husband’s second appeal to this court in this case.
Following a hearing, a final judgment of divorce was entered on May 19, 1992. The wife was awarded, among other things, “the sum of $3,000.00 per month as periodic alimony for a period of 36 months.” On June 2, 1992, the husband filed a “Motion For New Trial Or, In The Alternative, Motion To Alter Or Amend Judgment.” More than 90 days later, on September 3, 1992, the trial court entered an order purporting to deny the husband’s motion for new trial, but to amend the May 19, 1992, judgment. By that order, paragraph (10), the periodic alimony provision, was deleted and the trial court substituted language awarding “alimony in gross” to “be paid in 48 equal monthly installments of $2600.00 per month.” The husband filed a notice of appeal to this court on October 14, 1992.
The husband’s June 2 motion for new trial or for amendment of the judgment was denied by operation of law on the 90th day, August 31,1992. See Rule 59.1, Ala.R.Civ.P. Therefore, the September 3 order of the trial court was null and void and the original judgment remained in full force and effect. In addition, the husband’s appeal to this court was untimely and was dismissed.
On March 16,1993, almost 10 months after the entry of the final judgment of divorce, the wife filed a “Motion For [Rule] 60(b) [Ala.R.Civ.P.] Relief Or In The Alternative To Modify Alimony Award.” She asked the trial court to
“correct the original judgment entered by [the trial] court on May 19, 1992, so as to provide that the award is alimony in gross ... or alternatively to modify the award of periodic alimony so as to provide that the same would be payable to the [wife] or to her estate in the event of her death so that the same would not be taxable to her and she would realize the full benefit of the court’s award.”
(Emphasis added.)
On March 29, 1993, the trial court entered an order stating, in pertinent part: “[T]he [wife] is entitled to relief under Rule 60(b)(6) or her alternative request that the award of periodic alimony be modified.” This order again deleted and substituted Paragraph (10) of the original judgment of May 19,1992, and awarded alimony in gross, to “be paid in 48 *903 equal monthly installments of $2600.00 per month.” The husband appealed to this court on April 16, 1993.
The husband raises two issues: (1) whether the trial court erred in granting the Rule 60(b)(6) motion and modifying the final judgment of divorce; and (2) whether the trial court erred in modifying the final judgment of divorce because of changed or inequitable circumstances.
As to the first issue, we note that in its March 29, 1993, order, the trial court stated that “this Court intended from the beginning that the award to the [wife] should be an award of alimony vested in her and payable to her regardless of her remarriage or death. The Court inadvertently labeled the award as ‘periodic alimony’ without regard to the tax consequences of the award.” (Emphasis added.)
On the operation of Rule 60(b)(6), the supreme court has previously stated:
“Rule 60(b)(6) is designed to operate exclusive of the specific grounds listed in (b)(1) through (5), and relief cannot be obtained under (b)(6) if it would have been available under one of the other five clauses. Hill v. Townsend, 491 So.2d 237 (Ala. 1986); Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981). The trial court could have found that relief in the present case would have been available to [appel-lee] under 60(b)(1) for ‘mistake, inadvertence, surprise or excusable neglect’ had the motion been timely. Consequently, a party may not escape the time limits of Rule 60(b)(1) through (3), which carry a four-month limitation in which the motion must be filed, merely by characterizing the motion as a Rule 60(b)(6) motion.”
Cassioppi v. Damico, 536 So.2d 938, 941 (Ala.1988) (emphasis added).
In light of Cassioppi we conclude that relief would have been available to the wife under a timely Rule 60(b)(1) motion or perhaps under some other timely post-judgment motion. The facts in this ease, however, do not afford the wife relief under Rule 60(b)(6).
As to the second issue, we note that the trial court stated in its March 29 order, “An award of periodic alimony ... is modifiable by the Court,” and that it then purported to grant relief under the wife’s “alternative request that the award of periodic alimony be modified.”
This court noted in Paajanen v. Paajanen, 600 So.2d 293, 294 (Ala.Civ.App.1992), “The law is clear that the party seeking the modification must show a material change of circumstances since the last decree.... ” Likewise, in Bridges v. Bridges, 607 So.2d 289, 290 (Ala.Civ.App.1992), we held, “Periodic alimony may be reduced or terminated by the trial- court upon the showing of a material change in circumstances, and the burden is upon the party seeking the reduction or termination to show that such has occurred.”
Our standard of review on this issue' is as follows:
“Modification or termination of periodic alimony may be granted only upon a showing of a material change in circumstances. Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983). It is within the sound discretion of a trial court to determine whether such a change has occurred and its judgment on this issue will not be reversed except for. an abuse of that discretion.”
McNutt v. McNutt, 593 So.2d 1032, 1033 (Ala.Civ.App.1992).
This court can find no evidence of a change in circumstances that had occurred after the original divorce judgment was entered. Modification in this instance was inappropriate. We, therefore, hold that the trial court abused its discretion in modifying the alimony provision.
Accordingly, the judgment of March 29, 1993, is due to be, and it is hereby, reversed, and the cause is remanded to the trial court with instructions to enter an order reinstating the original judgment of May 19, 1992. Each party’s request for attorney fees on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.