650 So.2d 928 (1994)
Rhea THOMPSON
v.
Billy Lynn THOMPSON.
AV93000507.
Court of Civil Appeals of Alabama.
December 2, 1994.
*929 William N. Clark and Gerald L. Miller of Redden, Mills & Clark, Birmingham, for appellant.
Stephen R. Arnold, Birmingham, for appellee.
YATES, Judge.
The parties were divorced in November 1988 after a 24-year marriage. Pursuant to an agreement between the parties, the mother was awarded custody of their then 14-year-old son. The father was ordered to pay $300 per month child support; to provide and maintain hospital, medical, and dental insurance coverage for the child; and to provide and maintain a $50,000 life insurance policy, with the child named as the irrevocable beneficiary, until the father's child support obligation terminated. Additionally, the father was ordered to pay $500 per month as periodic alimony until the mother's death or remarriage; and to provide and maintain a life insurance policy of not less than $25,000, with the mother named as the irrevocable beneficiary, for as long as he was obligated to pay alimony, and to increase the policy amount to $50,000 when his child support obligation terminated.
On March 5, 1992, the father petitioned to modify the divorce judgment, alleging that a material change in circumstances had occurred and requesting that he be awarded custody and that the mother be required to pay child support and post-minority educational support. The father also requested that his alimony obligation be terminated.
The mother answered and counter-petitioned, alleging that the father was $5,250 in arrears in child support and $250 in arrears in alimony. She asked the trial court to hold the father in contempt; to order the father to pay the arrearages; to award her a reasonable attorney fee; and to reserve ruling on the question of post-minority educational support.
Following an ore tenus proceeding, the trial court entered a judgment on December 13, 1993, terminating the father's obligation to pay alimony and to maintain a life insurance policy with the mother as beneficiary. The court also held that neither the mother nor the father was required to pay post-minority educational support, because the child, who was then 19 years old, was no longer attending college. The mother appeals, raising four issues: (1) whether the trial court erred in terminating the father's obligation to pay periodic alimony and to maintain a life insurance policy with her named as the irrevocable beneficiary; (2) whether the trial court erred in not finding the father in arrears in regard to child support; (3) whether the trial court erred in failing to require the father to pay post-minority educational support, or in failing to *930 reserve the issue for a future determination; and (4) whether the trial court erred in failing to order the father to pay the mother's attorney fee.
As to the first issue, we note that the father's obligation to provide a life insurance policy with the mother named as the irrevocable beneficiary was to provide security for her in the event of his death; it was in the nature of alimony. See Graham v. Graham, 481 So.2d 903 (Ala.Civ.App.1985).
The record reflects that the mother's gross income was $7,938 in 1988; $8,760 in 1989; $8,457 in 1990; and $14,329 in 1991. The mother testified that she had worked for the Internal Revenue Service for two and one-half years, working 40 hours per week and being paid on an hourly basis. She further testified that she also worked in a church nursery on Sunday mornings and Wednesday and Sunday nights, being paid on an hourly basis. In 1992 she earned a total of $17,826 from those two jobs. The mother stated that her parents had helped her to meet her expenses and that she could not meet all of her expenses without the alimony.
The record reflects that the father's gross income was $35,190 in 1988; $38,274 in 1989; $37,628 in 1990; $40,543 in 1991; and $47,608 in 1992. The father testified that he worked for Alabama Power Company and that his gross income fluctuated from year to year, depending on the amount of overtime that he was able to work. He also testified that he would not be able to work any additional overtime in 1993 because the power company had used up all of its allotted overtime.
The law is clear that a petitioner seeking modification of a divorce judgment bears the burden of proving a change in circumstances sufficient to justify the modification. Simera v. Simera, 638 So.2d 901 (Ala.Civ.App.1993). Factors the trial court may consider in determining whether to modify an alimony award include "the recipient spouse's financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse's needs, the ability of each spouse to earn income, and the remarriage of either party." White v. White, 589 So.2d 740, 742 (Ala.Civ.App.1991).
The husband did not meet his burden. It was undisputed that while he had earned $47,000 in the year preceding the trial, the mother had worked two jobs that year to earn just over $17,000. Although her income has increased, she testified that her income was still insufficient to cover her expenses; the husband presented no evidence to the contrary. The ore tenus rule is inapplicable here, and the trial court abused its discretion both in terminating the husband's alimony obligation and in relieving him of the obligation to maintain life insurance on his life for the mother's benefit.
We next address whether the trial court erred in not finding the father in arrears in regard to his child support obligation.
"Although child support payments are final judgments as of the date they accrue, we have allowed offsets to be made in instances where a child lived with the father at the time of accrual and the father was able to prove that he made contributions to the child's support." Lewis v. Winslow, 587 So.2d 1006, 1008 (Ala.Civ.App.1991) (citations omitted). "The award or denial of a credit against an arrearage is within the sound discretion of the trial court." Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304 (Ala.Civ.App.1991) (citation omitted).
The father testified that the parties' son lived with him from August 15, 1990, until February 1993, and that during that time he did not pay child support. The father further testified, and it is uncontroverted, that while the son lived with him he provided the son with food, shelter, clothing, transportation and fuel and other things related to transportation, and that during that time the mother did not provide anything for the son's support.
Based on the foregoing, we hold that the trial court did not abuse its discretion in not finding the father in arrears in regard to his child support obligation.
In order for a trial court to award post-minority educational support for a child of divorced parents, it "shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial *931 resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989) (emphasis in original).
When a trial court hears ore tenus evidence, a presumption of correctness attaches to its judgment, and we will not reverse it on appeal unless the judgment is plainly and palpably wrong. Griggs v. Griggs, 638 So.2d 916 (Ala.Civ.App.1994).
The father testified that while the son lived with him, the son had attended a community college and had paid for the majority of his own college expenses. The mother testified that the son was capable of doing college work and that he was attending a community college, but that he had told her that he was going to withdraw. However, she also testified that the son was no longer in college, but that she did not know if he had, in fact, withdrawn from college. The trial court, in its December 13, 1993, order stated:
"At the time of this hearing the adult child of the parties was no longer attending or enrolled in post-high school education. Therefore, neither party shall be required to provide further support, assistance, or education expense for said child."
After carefully reviewing the record, we hold that the judgment of the trial court, as to the issue of post-minority educational support, was not plainly and palpably wrong.
Last, we address the issue of the mother's attorney fee. Whether to award an attorney fee in a domestic relations action is a matter within the sound discretion of the trial court and, absent an abuse of that discretion, the trial court's ruling will not be reversed. Sanders v. Gilliland, 628 So.2d 677 (Ala.Civ.App.1993). After carefully reviewing the record, we conclude that the trial court did not abuse its discretion in denying the mother's request for an attorney fee.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the entry of an order consistent with this opinion. The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent to the reversal in part; I would affirm the judgment of the trial court, because I believe the ore tenus rule is applicable as to the termination of alimony in this case. Since the majority reverses on this issue, I further dissent to the affirmance on the attorney fee issue.