In reversing the trial court's judgment, the main opinion focuses primarily on the five-part analysis set forth in Ex parte Heaton. When the Alabama Supreme Court decided Ex parte Heaton, the Temporary Rules of Criminal Procedure were in effect. However, those rules did not contain a provision that was comparable to Rule 14.4(e), Ala.R.Crim.P. Furthermore, the Alabama Supreme Court effectively overruled Ex parte Heaton when it adopted Rule 14.4(e), Ala.R.Crim.P. See Sanders v. Gilliland, 628 So.2d 677
(Ala.Civ.App. 1993). Therefore, we are not required to review this case "with Heaton in mind."
Moreover, such a stringent analysis as that set forth in Ex parteHeaton is not applicable to a motion to withdraw a guilty plea. Motions for a new trial and motions to withdraw guilty pleas are often treated the same way procedurally. However, substantively, there is a vast difference between a motion for a new trial — which is made after a defendant has actually been through a trial of his case with the actual application of the accompanying rights such as the right to a jury trial and the right to confront witnesses — and a motion to withdraw a guilty plea — which is made after a defendant has admitted his guilt and waived such rights. The five-part analysis set forth in Exparte Heaton is premised on the assumption that there has in fact been a trial. However, in cases such as this in which a defendant has entered a guilty plea and there has not been a trial, the Ex parte Heaton analysis *Page 32 
is not appropriate and simply does not apply. Rather, the appropriate standard for determining whether a defendant should be allowed to withdraw a guilty plea is the manifest injustice standard set forth in Rule 14.4(e), Ala.R.Crim.P. This is less stringent than an Ex parteHeaton analysis, and a trial court may take into consideration the particular facts and circumstances of each case when ruling on such a motion.[20]
Based on the Alabama Supreme Court's holding in Edgar v. State,646 So.2d 683 (Ala. 1994), we should remand this case to the trial court for that court to rule on the appellant's motion to withdraw his guilty plea applying the manifest injustice standard set forth in Rule 14.4(e), Ala.R.Crim.P. Therefore, I respectfully dissent.
[20] Certainly, if it chose to do so, a trial court could apply considerations similar to those set forth in Ex parte Heaton in making such an analysis. However, its review should not be limited to those five factors because other factors may be present that constitute a manifest injustice and warrant setting aside a guilty plea. *Page 764