Cynthia Durham Pardue ("the mother") appeals the final judgment, as amended, entered in this postdivorce proceeding insofar as it allowed Arnett J. Pardue ("the father") a credit against his child-support arrearage, ordered the mother to pay child support, and denied the mother an attorney's fee. We affirm in part, reverse in part, and remand.
In August 1993, the trial court divorced the mother and the father; awarded the mother physical custody of the parties' minor child ("the child"), a son born on July 2, 1989; and ordered the father to pay child support in the amount of $400 per month to the trial court's accounts clerk. In March 2003, the father moved the trial court to modify the divorce judgment to award physical custody of the child to him. The mother then moved the trial court: (1) to hold the father in contempt for failing to pay child support; and (2) to award her an attorney's fee.
Pursuant to an agreement between the parties, the trial court entered a partial judgment awarding physical custody of the child to the father on July 9, 2003. On December 4, 2003, the trial court received evidence ore tenus regarding the remaining issues.
The father testified that, after he made his first two child-support payments to the accounts clerk, the mother requested that he make his payments directly to her. Consequently, the father testified, he made all subsequent payments directly to the mother until June 1995. He testified that he made every monthly child-support payment due before June 1995, although he did not have documents evidencing all of those payments. The mother disputed the father's testimony that he made every payment due before June 1995. She testified that his direct payments to her before June 1995 totaled only $1,400.
The father testified that the child lived with him from June 1995 until November 2001, that the father provided all of the child's support during that period, and that the mother provided none of the child's support during that period. The mother, on the other hand, testified that the child lived with the father only from September 1995 through February 1997.
The father testified that the mother brought the child back to live with the father in February 2003 and that the child lived with him continuously thereafter. The mother, on the other hand, testified that she did not bring the child back to live with the father until mid-March 2003.
The mother stipulated that, from March 2003 through December 2003, she received $2,748 in child-support payments pursuant to a court order requiring the father's employer to withhold child support from the father's earnings. However, during her testimony, she admitted that she had been receiving child support as a result of the wage-withholding order since November 2000. The record does not contain either the wage-withholding order or a *Page 859 
written record of the amounts withheld pursuant to that order.
The mother testified that she is disabled and unemployed. However, she also testified that she had made a claim for disability benefits and that she anticipated that her claim would be approved.
On December 18, 2003, the trial court entered a final judgment, which stated, in pertinent part:
 "1. With respect to child support arrearages, the Court finds no arrearages due. The Court is persuaded that the child lived with the [father] for a considerable amount of time and that the [father] did support the child by making payments to the plaintiff or through the Court.
". . . .
 "4. The [mother] shall pay to the [father] as child support the sum of $200.00 per month. Although this is less than . . . the guidelines call for, in light of the totality of the circumstances, including the extraordinary costs of the health insurance and the other expenses, the Court does find this very reasonable."
The judgment did not award the mother an attorney's fee.
Thereafter, the mother timely moved the trial court, pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the final judgment. As grounds for her motion, the mother asserted that the judgment: (1) erroneously forgave a child-support arrearage owed by the father; (2) erroneously ordered the payment of child support by the mother; and (3) erroneously denied the mother's request for an attorney's fee. Following a hearing on the mother's motion, the trial court, on March 18, 2004, amended the portion of the judgment that adjudicated the mother's claim for a child-support arrearage to state:
 "1. The Court does find that the child primarily lived with the [father] from June of 1995 until November of 2001 and from February of 2003 until the present. The [father] shall be given credit for the months that the child was with the [father]. In addition, the [father] paid $2,748.00 directly to the [mother] by agreement since March of 2003.
 "2. All of the above amounts to a credit to the [father] over and above the arrearage balance and as such, the Court does determine that there are no arrearages due. The Court does not give the [father] a credit balance."
The mother then timely appealed to this court.
On appeal, the mother argues that the trial court erred in allowing the father a credit equal to his entire child-support arrearage on four grounds. First, the mother argues that the trial court erred in implicitly finding that the father had made all of the child-support payments due before June 1995 because, she says, she testified that, before June 1995, he made payments directly to her totaling only $1,400. However, the father's testimony supported the trial court's implicit finding. Although the mother's testimony contradicted the father's testimony, the trial court, as the fact-finder, was entitled to accept the father's testimony and reject the mother's. Ex parte R.E.C.,899 So.2d 272, 279 (Ala. 2004). Accordingly, the ore tenus rule precludes this court from reversing the trial court's judgment on the ground that the trial court erred in implicitly finding that the father made all of the child-support payments due before June 1995. Id.
Second, the mother argues that the great weight of the evidence contradicted the trial court's express finding that the child lived primarily with the father from June 1995 until November 2001. However, *Page 860 
that finding was supported by the father's testimony. Although the testimony of the mother and some of her witnesses contradicted the father's testimony on that issue, the trial court, as the fact-finder, was entitled to accept the father's testimony and reject the other witnesses' conflicting testimony.Id. Accordingly, the ore tenus rule precludes this court from reversing the trial court's judgment on the ground that the trial court erred in finding that the child lived primarily with the father from June 1995 until November 2001.
Third, the mother argues that, even if the child did live primarily with the father from June 1995 until November 2001, the trial court nonetheless erred in allowing the father a credit equal to the full amount of the child support due during that period because, the mother says, the father did not meet his burden of proving that he paid a sum certain to support the child during that period. Citing Landers v. Landers, 481 So.2d 392
(Ala.Civ.App. 1985), the mother argues that the father's testimony that he paid all of the child's living expenses during that period was insufficient. The father, on the other hand, cites Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App. 1994), and argues that his testimony that he provided all of the child's support during that period and that the mother provided none of it was sufficient.
In Landers, the divorce judgment, which was entered in 1967, obligated the father to pay the mother $100 per month as child support for their minor son. In approximately 1972, at the mother's request, the father agreed to provide clothing and medical care for the child in lieu of making monetary payments of child support to the mother; however, that agreement was never presented to, or approved by, the trial court. The father complied with the agreement until the son reached the age of 19 in 1982 and began living with the father.
In 1983, the mother petitioned the trial court to enter a judgment against the father for a child-support arrearage. The father contended that he had met his child-support obligation by providing the child with clothing, spending money, insurance, dental care, and sports equipment since 1972. In addition, the father testified that, while the son was still a minor, he had spent a substantial amount of time visiting the father and that the father had provided the son's support during those visits.
The trial court found that the father was entitled to a credit equal to the child support required by the divorce judgment and denied the mother a judgment for any child-support arrearage. On appeal, noting that "the [parent obligated to pay child support] has the burden of proof as to the amount of support expenditures made on behalf of the child which the parent seeks as a credit against court-ordered child support," 481 So.2d at 394, this court reversed the trial court's judgment and remanded the case because the father had not proved the specific or approximate value of the support he had provided the child.
In Thompson, supra, on the other hand, the divorce judgment, which was entered in 1988, obligated the father to pay, among other things, $300 per month in child support for the parties' minor son. Subsequently, the son lived with the father from August 1990 until February 1993. The father testified that, during that period, he provided all of the son's support and the mother provided none of it. Consequently, the father testified, he did not make child-support payments to the mother during that period. After the father petitioned the trial court to modify the divorce judgment, the mother counterpetitioned for a judgment against the father for a child-support arrearage. The trial court, among *Page 861 
other things, denied the mother a judgment for a child-support arrearage, and the mother appealed. Affirming the judgment insofar as it denied the mother a judgment for a child-support arrearage, this court stated:
 "We next address whether the trial court erred in not finding the father in arrears in regard to his child support obligation.
 "`Although child support payments are final judgments as of the date they accrue, we have allowed offsets to be made in instances where a child lived with the father at the time of accrual and the father was able to prove that he made contributions to the child's support.' Lewis v. Winslow, 587 So.2d 1006, 1008
(Ala.Civ.App. 1991) (citations omitted). `The award or denial of a credit against an arrearage is within the sound discretion of the trial court.' Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304
(Ala.Civ.App. 1991) (citation omitted).
 "The father testified that the parties' son lived with him from August 15, 1990, until February 1993, and that during that time he did not pay child support. The father further testified, and it is uncontroverted, that while the son lived with him he provided the son with food, shelter, clothing, transportation and fuel and other things related to transportation, and that during that time the mother did not provide anything for the son's support.
 "Based on the foregoing, we hold that the trial court did not abuse its discretion in not finding the father in arrears in regard to his child support obligation."
650 So.2d at 930.
Thus, the Landers court held that a parent who is obligated to pay child support ("the obligated parent") must introduce evidence of a specific or approximate value of the nonmonetary support he or she provided the child if he or she seeks a credit for nonmonetary support provided while the child lived primarilywith the parent who was awarded physical custody ("the custodial parent"), even if the child spent a substantial amount of time visiting the obligated parent. On the other hand, the Thompson
court held that an obligated parent can prove his or her entitlement to a credit equal to the amount of child support due in a specified period by introducing evidence that the child primarily lived with the obligated parent during that period, that the obligated parent provided all of the child's support during that period, and that the custodial parent provided none of it. The case now before us is more analogous to Thompson
than it is to Landers. Accordingly, we cannot reverse the trial court's judgment allowing the father a credit equal to the amount of child support due from June 1995 until November 2001 on the basis of the holding in Landers.[1]
Fourth, the mother argues that the trial court's granting the father a credit equal to his arrearage should be reversed, as a *Page 862 
matter of public policy, because, she says, the trial court placed the burden on the mother to disprove the father's entitlement to a credit instead of placing the burden on the father to prove his entitlement to a credit. The mother argues that the trial court's misplacement of the burden of proof is evidenced by the trial court's allowing the father a credit for the child support due from June 1995 until November 2001 in the absence of documentary evidence corroborating his testimony that he supported the child during that period. However, the mother has not cited any legal authority holding that corroborating documentary evidence is a prerequisite to the allowance of a credit for support provided by the obligated parent while the child lived with him or her. Indeed, the only legal authority cited by the mother in support of her fourth ground for reversing the trial court's allowance of a credit is Rubrigi v. Rubrigi,630 So.2d 67, 68 (Ala.Civ.App. 1993), which she cites for its statement that "[t]he trial court may, however, allow credit against an arrearage for expenditures related to support by the obligated parent, or for amounts expended while the child actually lived with the obligated parent or a third party, and the obligated parent is able to prove that he made contributions to the child's support." (Citations omitted.) On the other hand, in King v. King, 620 So.2d 56 (Ala.Civ.App. 1993), the only evidence introduced by the father tending to prove that he had made child-support payments directly to the mother was his testimony and the testimony of his new wife. He introduced no documents corroborating that testimony. Nonetheless, this court affirmed the trial court's allowing the father a credit for those payments even though the mother testified that the father had not paid any child support directly to her. The father's uncorroborated testimony regarding his supporting the child in the case now before us is analogous to the uncorroborated testimony of the father and his new wife regarding the father's paying child support in King. Accordingly, in the case now before us, we cannot reverse the trial court's judgment on the ground that the trial court allowed the father a credit in the absence of documentary evidence corroborating his testimony.
Next, the mother argues that the trial court erred in failing to award her an attorney's fee because, she says, she is disabled and unemployed. In Britt v. Britt, 684 So.2d 1325, 1327
(Ala.Civ.App. 1996), this court stated:
 "Whether to award an attorney fee in a domestic relations case is within the discretion of the trial court. Sanders v. Gilliland, 628 So.2d 677, 679
(Ala.Civ.App. 1993). Absent an abuse of that discretion, this court will not reverse the trial court's award or denial of a fee. Id."
We cannot hold that the trial court abused its discretion in denying the mother an attorney's fee.
The trial court erred in ordering the mother to pay $200 per month in child support. It was undisputed that the mother had no income. She testified that she had applied for Social Security disability benefits, but that her application had yet to be approved. Additionally, the mother testified that there would be at least a 90-day period before she knew the status of her Social Security disability claim. However, the trial court apparently imputed income to the mother and ordered her to pay child support.
It was error for the trial court to impute to the mother any income deriving from her potential Social Security disability benefits.
 "This court has previously stated that a parent's ability to pay child support is *Page 863 
a crucial factor to be considered in the determination of child support. McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App. 1986). Where no such ability is found by the trial court, it is improper to order a parent to pay child support. See Waddy v. Waddy, 497 So.2d 169 (Ala.Civ.App. 1986). We note, moreover, that the official comments to the Child Support Guidelines state that `[t]he guidelines will provide an adequate standard [of] support for children, subject to the ability of their parents to pay.' (Emphasis added). Thus, a parent's inability to pay child support is clearly a proper basis for deviation from the guidelines."
Stewart v. Kelley, 587 So.2d 384, 385 (Ala.Civ.App. 1991).
Moreover, pursuant to Rule 32, Ala. R. Jud. Admin., the trial court must make a finding of voluntary unemployment or voluntary underemployment to impute income to a parent. Rule 32(B)(5) provides:
 "If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income."
Allowing the trial court to impute potential income for which a parent has applied, but is awaiting approval, is illogical. In every case where income is imputed, there must be a finding of voluntary underemployment or voluntary unemployment. The income imputed to a parent in such cases is derived from "the income that parent would otherwise have." In this case, there is no finding of voluntary underemployment or voluntary unemployment. The record does not even reflect what the amount of the potential income from the mother's potential Social Security disability benefits will be if her application is approved.
It was error for the trial court to order the mother to pay child support, and the trial court's judgment as to that issue is reversed and the case is remanded.
The mother's request for an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] In Ullrich v. Ullrich, 736 So.2d 639 (Ala.Civ.App. 1999), a case neither party has cited, this court held that the obligated parent's testimony that she had provided "`all of [her older child's] support,'" 736 So.2d at 642, after he began living with her was insufficient to justify the allowance of a credit since "the child was employed and may have been self-supporting."736 So.2d at 643. In that situation, this court held that the obligated parent was required to introduce "evidence of [the] amount of the support" she provided. Id. However, in the case now before us, the record contains no evidence that the child was employed while he lived with the father from June 1995 until November 2001. Indeed, the child was only 6 years old in June 1995 and only 12 years old in November 2001.