THOMPSON, Presiding Judge,
concurring in the result.
I concur in the result of the main opinion. I write specially to address the issue of child support in this case. I agree that the caselaw and Rule 32, Ala. R. Jud. Admin., provide that Supplemental Security Income (“SSI”) benefits are not to be used in determining a parent’s gross income for the purpose of calculating child support. It is clear that the trial court improperly used the amount of SSI benefits received by Terry Eugene Adams (“the father”) in calculating child support and, therefore, that that award must be reversed.
Given the specific facts of this case, I believe the trial court may on remand, within its discretion, consider imputing income to thé father. See Pardue v. Pardue, 917 So.2d 857 (Ala.Civ.App.2005); and Hudson v. Hudson, [Ms. 2120884, Feb. 28, 2014] — So.3d — (Ala.Civ.App.2014). The evidence in the record indicates that the father was diagnosed with an anxiety disorder for which no medications were prescribed and from which the father stated he has not experienced symptoms in years. Thus, the evidence in the record could support a determination by the trial court that the father is capable of making some contribution to the support of his *1100 children. The SSI program contains work-incentive programs designed to allow benefit recipients to attempt to return to work. See, e.g., 42 U.S.C. § 1320b-20. In discussing the basic principles of SSI benefits, the Social Security Handbook explicitly states that “you are encouraged to work if you can.” Social Security Administration, Social Security Handbook, § 2102.2.E.[6] Given the law applicable to SSI benefits and the evidence concerning the husband’s lack of symptoms or need for medication for years, the record may support an imputation of income to the father.

. On the date this opinion was released, a copy of § 2102 of the Social Security Handbook (as last revised on Feb. 24, 2009) could be found at: http://www.socialsecurity.gov/ OPHome/handbook/handbook.21/handbook-2102.html.