MONROE, Judge.
This case involves the award of postminority child support.
Terry James Langdale, the father, and Mary Yvonne Langdale Baty, the mother, were divorced in 1976. The mother was granted custody of their son, Lance, and the father was ordered to pay child support. In April 1994, 16 days before Lance’s 19th birthday, his mother filed a petition for modification, seeking postminority support for Lance to attend preparatory school and then college. The trial court denied postminority support for Lance to attend preparatory school, saying that there was no precedent for requiring a parent to pay support for preparatory school. However, the trial court specifically reserved the issue of future post-minority support for college expenses, adding *457 that it would entertain another petition on the issue should Lance enter college after preparatory school.
In April 1995, the mother filed another petition for postminority support. According to the record, Lance was scheduled to graduate from preparatory school in May 1995. He had maintained a good average and had been accepted to Samford University for the fall 1995 term. He also had been awarded a football scholarship at Samford. The trial judge held a hearing, after which he ordered the father to pay $100 a week in postminority support. The father appeals.
The father contends that the trial court erred in granting the petition for post-minority support that was filed after his son had reached age 19. He relies on Ex Parte Bayliss, 550 So.2d 986 (Ala.1989), in which the Alabama Supreme Court required that an application for postminority support be made before the child reaches the age of majority.
In this case, however, the mother’s first petition for postminority support was filed before Lance reached age 19. In its order denying support at that time, the trial court specifically reserved the issue of postminority support for college expenses until Lance finished preparatory school and entered college. When the trial court reserves jurisdiction for reconsideration of postminority support, the issue of postminority support for college expenses can be considered after the child’s 19th birthday. See Stein v. Stein, 623 So.2d 318 (Ala.Civ.App.1993); Newman v. Newman, 667 So.2d 1362 (Ala.Civ.App.1994).
The trial court reserved jurisdiction to reconsider the question of postminority support for Lance’s college expenses. Therefore, its award of postminority support for college expenses is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN and CRAWLEY, JJ., concur in the result only.