The trial court divorced the parties on September 9, 1987, awarding custody of the parties' two minor children to the mother. On September 2, 1991, the mother petitioned to modify the divorce judgment, requesting the court: (1) to increase child support; (2) to order the husband to pay post-minority education support for both of the children; and (3) to allow her to claim one of the children as a dependent for tax purposes. At that time, the eldest child was 17 years old and had been accepted to at least one college, and the other child was 15 years old. The court denied the mother's request for an increase in child support, adopted an agreement between the parties allowing her to claim one child as a dependent, and reserved jurisdiction over the issue of post-minority education support. The court stated: "[T]he court reserves ruling on the former wife's motion that the former husband be responsible either in whole or in part for the college expenses of the children."
Four years later, on August 29, 1995, the mother petitioned, requesting the court to order the father to pay post-minority education support. Both children were attending college at that time; neither child was a minor. The court refused to award post-minority education support, stating that it no longer had jurisdiction.
The mother appeals. Of the issues she raises, we find one to be dispositive: whether the court's reservation preserved its jurisdiction for consideration of post-minority support beyond the children's 19th birthdays.
A trial court may award post-minority education support to a child of a dissolved marriage when application is made therefor before the child attains the age of 19. Ex parte Bayliss,550 So.2d 986 (Ala. 1989). However, "[w]hen the trial court reserves jurisdiction for reconsideration of post-minority support, the issue of post-minority support for college expenses can be considered after the child's 19th birthday." Langdale v. Baty,673 So.2d 456, 457 (Ala.Civ.App. 1996); see Newman v. Newman,667 So.2d 1362, 1369 (Ala.Civ.App. 1994).
When a parent files a petition for post-minority education support, a court should: (1) grant the petition or (2) deny the petition and reserve jurisdiction. Here, the court's reserving jurisdiction as to this without denying *Page 1327 
the petition, created a nonfinal order regarding the issue of post-minority education support; therefore, the mother could not appeal at that time.
Here, the trial court did not deny the mother's 1991 petition for post-minority education support; rather, the court simply reserved jurisdiction over the issue. Because of this procedural setting, we do not treat the mother's 1995 petition for post-minority education support as a petition to modify, but as a motion requesting the court to rule on the matter it had reserved. We conclude that the court, because of its express reservation, had jurisdiction to consider the motion to rule on post-minority education support.
We note that "[i]n cases involving post-minority support for college education where the child is already attending college, the decision rendered by the trial court will be retroactive to the time of the filing of the request." Bayliss v. Bayliss,575 So.2d 1117, 1122 (Ala.Civ.App. 1990). Therefore, on remand any award of post-minority education support will be retroactive to the date post-minority education expenses were first incurred after the filing of the 1991 petition. The amount of the support, of course, is a matter to be decided by the court after considering all relevant factors. Ex parte Bayliss,supra.
The mother also appeals the court's refusal to award her an attorney fee. Whether to award an attorney fee in a domestic relations case is within the discretion of the trial court.Sanders v. Gilliland, 628 So.2d 677, 679 (Ala.Civ.App. 1993). Absent an abuse of that discretion, this court will not reverse the trial court's award or denial of a fee. Id. Nothing in the record indicates that the court abused its discretion in denying the award.
The father's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.