In appeal no. 2060243, Susan T. Fielding ("the mother") appeals a judgment entered on August 11, 2006, in case no. DR-96-956.02, contending that the trial court erroneously dismissed a petition to modify the postminority-educational-support obligation of Johnny M. Fielding ("the father") that she had filed in case no. DR-96-956.01 on July 24, 2003. Because neither the judgment entered on August 11, 2006, in case no. DR-96-956.02 nor any other judgment has adjudicated the petition she filed on July 24, 2003, in case no. DR-96-956.01, we dismiss the mother's appeal in appeal no. 2060243. See Hubbard v. Hubbard,935 So.2d 1191, 1192 (Ala.Civ.App. 2006).
In appeal no. 2060244, the mother appeals the judgment entered on August 11, 2006, in case no. DR-96-956.02, contending that it erroneously dismissed the petition, as amended, that she had filed in case no. DR-96-956.02, in which she sought a modification of the father's postminority-educational-support obligation. For the reasons discussed below, in appeal no. 2060244 we reverse that judgment and remand the case to the trial court for further proceedings consistent with this opinion.
This is the second time the parties have been before this court. See Fielding v. Fielding, 843 So.2d 766
(Ala.Civ.App. 2002). In Fielding, we reversed a judgment entered in case no. DR-96-956.01 ordering the father to pay one-half of the parties' son's postminority educational expenses because there was insufficient evidence of the son's educational costs to determine whether that award had imposed an undue financial hardship upon the father. Id. at 770. We also reversed the judgment ordering the father to pay one-half of the parties' daughter's postminority educational *Page 54 
expenses because it imposed an undue financial hardship upon him. Id. at 769. We concluded, however, that the father remained liable for one-half of the daughter's postminority educational expenses that she had incurred before the filing of the father's modification petition on June 21, 2000.Id. Because the record did not indicate the amount of the expenses that were incurred before June 21, 2000, we remanded the case to the trial court for a determination of that amount. Id.
On remand, the trial court, following a hearing at which it received evidence ore tenus, entered a judgment, on June 25, 2003, finding that the father was $4,523.10 in arrears regarding the postminority educational expenses the daughter had incurred before June 21, 2000; finding that the father could contribute to the payment of the children's postminority educational expenses in an amount equal to the amount of certain military disability benefits that the father was then eligible for; awarding postminority educational support in an amount equal to those benefits; and reserving jurisdiction to entertain petitions in the future seeking modification of the father's postminority-educational-support obligation.
On July 24, 2003, the mother moved the trial court to alter, amend, or vacate the June 25, 2003, judgment or, in the alternative, to grant her a new trial. That post-judgment motion also contained a separate motion titled "Plaintiff's Motion for Modification of Child Support," seeking a modification of the father's postminority-educational-support obligation based on a change in circumstances that had occurred since the hearing — the anticipated enrollment of the son in a four-year college in the fall of 2003.
The trial court denied the mother's post-judgment motion on August 25, 2003. However, the trial court never ruled on the mother's July 24, 2003, motion seeking a modification of the father's postminority-educational-support obligation in case no. DR-96-956.01.
On June 28, 2004, the mother again petitioned the trial court, seeking a modification of the father's postminority-educational-support obligation. The trial court assigned that petition case' no. DR-96-956.02. In her petition, the mother alleged that the cost of the son's postminority education had increased because the son had enrolled in a four-year college.
After both parties filed various motions requesting discovery, the father moved to dismiss the mother's petition in case no. DR-96-956.02 as a sanction for failing to comply with his discovery requests. On August 11, 2006, the trial court entered a judgment regarding the mother's petition in case no. DR-96-956.02. That judgment states:
 "This cause having previously been reversed by the Alabama Court of Civil Appeals and remanded with instructions and the Court having entered the appropriate Order pursuant to said instructions, as well as the [son] of the parties . . . having graduated from college, the Court is of the opinion, based on previous instructions that it is without sufficient jurisdiction to granted [sic] the relief requested by the [mother]. Therefore, this case is hereby dismissed."
The mother challenged that judgment by filing a postjudgment motion, which the trial court denied on November 2, 2006. The mother then filed two notices of appeal. Both notices of appeal designated the August 11, 2006, judgment entered in case no. DR-96-956.02 as the judgment appealed from; however, she filed one of the notices in case no. DR-96-956.01 and one in case no. DR-96-956.02. This court assigned appeal no. 2060243 to the notice *Page 55 
of appeal filed in case no. DR-96-956.01 and appeal no. 2060244 to the notice of appeal filed in case no. DR-96-956.02. The two appeals were then consolidated.
In appeal no. 2060243, the mother contends that the trial court's August 11, 2006, judgment dismissed her July 24, 2003, motion to modify in case no. DR-96-956.01. However, as noted above, neither the August 11, 2006, judgment nor any other judgment has ever ruled upon the July 24, 2003, motion to modify. In the absence of a final judgment adjudicating the mother's July 24, 2003, motion to modify in case no. DR-96-956.01, we have no jurisdiction in that action. Therefore, we dismiss the appeal in appeal no. 2060243. SeeHubbard, supra.
In appeal no. 2060244, the mother argues that the trial court erred in dismissing her petition in case no. DR-95-965.02 on the ground that it lacked jurisdiction, because, the mother says, the trial court did have jurisdiction over her petition in case no. DR-96-956.02 by virtue of its reservation of jurisdiction in its June 25, 2003, judgment in case no. DR-96-956.01. We agree.
In Britt v. Britt, 684 So.2d 1325, 1327
(Ala.Civ.App. 1996), this court reversed a trial court's judgment insofar as it ruled that the trial court lacked jurisdiction to adjudicate a parent's petition seeking a modification of an award of postminority educational support because the trial court had expressly reserved jurisdiction to modify that award in the judgment making that award.
In the case now before us, because the trial court had expressly reserved jurisdiction to modify its award of postminority educational support in its June 25, 2003, judgment, the trial court erred in ruling that it lacked jurisdiction over the mother's petition in case no. DR-96-956.02. Accordingly, we reverse the judgment dismissing the mother's petition to modify the award of postminority educational support in case no. DR-96-956.02.
2060243 — APPEAL DISMISSED.
2060244 — REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.