PITTMAN, Judge.
Yolanda Nabors Smith (“the former wife”) petitions this court to issue a writ of mandamus directing the Bessemer Division of the Jefferson Circuit Court to vacate its order striking the former wife’s request for the enforcement of a provision contained in a settlement agreement the former wife had entered into with Matthew Carl Nabors, Jr. (“the former husband”), which agreement-had been incorporated into a divorce judgment entered in December 2013. The provision of the agreement in question states that the former husband is required to provide postminority educational support for the college expenses of the parties’ adult daughter. The trial court’s order striking the former wife’s request was based on our supreme court’s decision in Ex parte Christopher, 145 So.3d 60 (Ala.2013), *285 which held that an Alabama child-custody statute did not authorize trial courts to require noncustodial parents to provide educational support for children that had reached the age of majority.
In the trial court,' the former wife requested not only that the former husband be ordered to provide postminority educational support, but also that the former husband be ordered to pay past-due child support for the parties’ remaining minor child, to reimburse the former wife for the cost of a vehicle she had purchased for the minor child, and to place the marital residence for sale or to pay the former wife a portion of the equity in the residence. The former wife also asked the trial court to hold the former husband in contempt of court for violating other provisions of the divorce judgment. Thus, the trial court’s order striking the former wife’s request to direct the former husband to provide post-minority educational support was a nonfi-nal, interlocutory judgment. Indeed, the order specifically states that “[a]ll other pending claims not addressed herein shall remain for future resolution by trial or settlement,”
Although a petition for a writ of mandamus is a proper vehicle for appellate review of an interlocutory judgment, the writ will not issue if an appeal 'after the .entry of a final judgment would provide an adequate remedy for the petitioner. Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003). Although the former wife suggests that challenges to a trial court’s subject-matter jurisdiction are reviewable by way of a petition for a writ of mandamus, we do not view the issue in this case as one relating to the trial court’s subject-matter jurisdiction. Nothing in Ex parte Christopher indicates that a circuit court lacks subject-matter jurisdiction over a dispute involving the enforcement of a settlement agreement that has been incorporated into a divorce judgment-, The former wife has not demonstrated that she lacks an adequate remedy by way of appeal. Thus, she has not shown that she is entitled to the extraordinary remedy of a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.