MOORE, Judge.
Tania L. Hill (“the mother”) appeals from a judgment entered by the Lee Circuit Court (“the trial court”) dismissing her petition to modify a divorce judgment entered by the trial court in which she sought an order to compel Dmetrius Hill (“the father”) to contribute to the payment of the college expenses of their child, Ka-misha Hill (“the child”).
The trial court entered a divorce judgment incorporating an agreement of the parties on March 18, 2013. Paragraph 14 of the divorce judgment provides: “Post-majority [sic] education support for the child’s college expenses is reserved to a later appropriate time.” On September 21, 2015, two days before the child turned 19 years old, the mother filed a petition to modify the divorce judgment to establish the amount each parent would contribute to the child’s college expenses.[1] After the father did not timely answer the petition, the mother applied to the clerk of the trial court for an entry of default on November 17, 2015. By a judgment entered on November 18, 2015, the trial court denied the application, stating, in pertinent part:
“The Court cannot grant through a Default Judgment relief which it has no legal authority to grant otherwise.
“The Divorce Decree entered by this Court on March 18, 2013 was the result of an agreement reached by the parties after the trial of the parties’ divorce had begun. The Divorce Decree was a recital of that agreement reached by the parties, each of whom were represented by counsel at the time and on the day in question.
“The Divorce Decree states in Paragraph 14 that ‘Post-minority educational support for the child’s college expenses is reserved to a later appropriate time.’ This being the only mention of post-minority educational expenses therein, the Decree as written contains no prom *1130 ise or agreement by the [father] to pay such expenses in the future.
“In Ex parte Christopher, [145 So.3d 60 (Ala.2013),] the Alabama Supreme Court ruled in October of 2013 that courts could no longer force non-custodial parents to provide post-minority educational support, except for cases where orders to do so were already in place. The Divorce Decree in this case, entered and made final prior to the decision in Ex parte Christopher, is not an orde^-for the [father] to pay post-minority educational support. At most, it could be construed as an order that the [father] may consider doing so at ‘a later appropriate time.’ Since this Court cannot force the [father], at this ‘later appropriate time,’ to begin negotiations or to enter into any sought-after agreement to pay for post-minority educational expenses, there is effectively no post-minority educational support provision in the Divorce Decree that this Court can thus enforce.
“As such, there is no relief to be granted on this subject in [the mother’s] Petition to Modify.”
The trial court dismissed the action. The mother timely appealed.
In Ex parte Christopher, 145 So.3d 60 (Ala.2013), our supreme court overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989), which had construed Ala.Code 1975, § 30-3-1, as authorizing an award of educational support for children over the age of majority. In Ex parte Christopher, the supreme court ruled that § 30-3-1 provides authority only for educational support of minor children. The court held that “our decision in the instant case will not disturb final postminority-educational-support orders entered before the date of this decision.” 145 So.3d at 71, In this case, no postminority-educational-support order was entered before the date of the Ex parte Christopher decision, i.e., October 4, 2013. Paragraph 14 of the divorce judgment does not order the father to pay postminority educational support for the child, but only reserves that issue for a later time.
Before Ex parte Christopher, trial courts commonly included a reservation of jurisdiction over the issue of postminority educational support that was not ripe for adjudication. See, e.g., Langdale v. Baty, 673 So.2d 456 (Ala.Civ.App.1996). In Britt v. Britt, 684 So.2d 1325 (Ala.Civ.App.1996), this court determined that a reservation of jurisdiction over postminority educational support does not adjudicate the issue in any respect. No Alabama appellate court has ever construed a reservation of jurisdiction over postminority educational support as a partial adjudication of liability, which leaves open only the question of the amount to be awarded. Because, in the present case, in Paragraph 14 of the parties’ divorce judgment, the trial court “reserved” jurisdiction to address the issue of postminority educational support, we hold that the trial court would have had no ground to consider parol evidence to explicate or vary the terms of the divorce judgment, as the mother impliedly argues in this case. See Cain v. Saunders, 813 So.2d 891 (Ala.Civ.App.2001).
In her petition, the mother alleged that, at the time of the divorce, the child was a 16-year-old sophomore in high school with a good academic record. The mother further alleged that she and the father had anticipated that the child would go to college but that they had not known at that time which college she would attend or the costs of attendance, so they had agreed to place Paragraph 14 in the divorce judgment. However, the mother did not allege that the parties had reached an agreement that the father would, in fact, pay any postminority educational support, which *1131 agreement could be enforced regardless of Ex parte Christopher. See Ex parte Smith, 196 So.3d 284 (Ala.Civ.App.2015). She alleged only that the parties had agreed to include Paragraph 14 in the divorce judgment, which, as stated, does not bind the father to pay postminority educational support for the child.
Given the foregoing, we conclude that, in filing her modification petition, the mother invoked the jurisdiction of the trial court to modify the divorce judgment to order the father for the first time to pay postminority educational support. The trial court correctly ruled that it could not grant the mother the relief she requested. The mother does not argue that the trial court erred in denying her application for an entry of default despite the failure of the father to answer the petition or that the trial court erred in dismissing the petition sua sponte. See Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 99 (Ala.2010) (“Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal.”). We have rejected the mother’s only arguments against the denial of the application and the judgment of dismissal.[2] Therefore, the judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We note that the mother filed her modification petition during the minority of the child; however, she does not argue that she was stating a claim that the child had accumulated college expenses during her minority that the father should pay.

. The mother also sought to enforce a prior income-withholding order for child support, which claim was dismissed as well.